## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY TANSKI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AVALONBAY COMMUNITIES, INC.<br><br>Defendant. | Civil No.<br><br>ECF Case<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Timothy Tanski, on behalf of himself and others similarly situated ("the Class"), complaining of the Defendant, AvalonBay Communities, Inc., brings this action for damages and other legal and equitable relief from the Defendant for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York State Labor Law, as amended by the Wage Theft Prevention Act ("Labor Law"), as set forth herein.

## NATURE OF THE ACTION

1.     Plaintiff Timothy Tanski ("Plaintiff" or "Mr. Tanski"), on behalf of himself and others similarly situated, including both current and former employees of Defendant, brings this Collective and Class action against Defendant for failure to pay overtime wages since at least on or about October 30, 2009, in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Laws ("NYLL").

2.     Defendant AvalonBay Communities, Inc. ("Defendant," "AvalonBay," or the "Company") is a publicly traded real estate investment trust (REIT) headquartered in Arlington, Virginia. AvalonBay develops, owns, operates, and maintains luxury apartment communities throughout the United States, including New York.

3.     Plaintiff was employed with Defendant as a Maintenance Supervisor from March

17, 2014 to May 25, 2015. During his approximately fourteen months of employment, Plaintiff assigned to work at two of Defendant's properties located in Coram, New York, where he was responsible for maintaining the apartments within the assigned apartment complexes.

4.      Defendant AvalonBay failed to pay its current and former employees, including Plaintiff, overtime compensation for all hours worked in excess of forty (40) hours per work week. AvalonBay accomplished this by improperly categorizing certain time worked by Plaintiff and other employees as "nonproductive hours." AvalonBay claims that an employees' "nonproductive hours" are not eligible for overtime compensation even when an employee works more than 40 hours in a work week.

5.      Defendant's policy of assigning different pay rates for productive and nonproductive hours is a unilateral employment decision that is not reflected in any agreements between Defendant and their employees, including Plaintiff and the Class.  In the absence of any agreement setting a different rate for "nonproductive hours," Plaintiff and the Class are owed compensation at their regular hourly rate set for "productive" work for all hours up to 40 and at a rate at least one and one-half times that rate for hours in excess of 40. *See* 29 CFR 778.318 - *Productive and nonproductive hours of work.*

6.      As such, Plaintiff, along with all others similarly situated brings a collective class action for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and New York Labor Law §§ 190 *et seq*. ("NYLL"). The Class seeks appropriate monetary and other relief to redress the wrongdoing complained of herein.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, because Defendant is located in this District and a substantial part of the events and omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff Timothy Tanski:**

11.     Mr. Tanski is an adult individual who is a resident of the town of Shirley, Suffolk County, State of New York.

12.     Mr. Tanski was employed as a "Maintenance Supervisor" at two of Defendant's Coram, New York properties: (1) "Avalon Pines" property located at 1 Avalon Pines Dr., Coram, NY 11727; and (2) "Avalon Charles Pond" property located at 1 Charles Pond Drive, Coram, NY 11727 (collectively, the "Coram Properties").

13.     Mr. Tanski was employed by Defendant for approximately fourteen months from March 17, 2014 to May 25, 2015.

14.     Mr. Tanski's work duties included managing other employees and maintaining the premises of the apartment complex including fitness center, tennis court, indoor sport court, swimming pool, sundeck, barbecue and picnic areas, resident lounge, and golf course.

15.     Mr. Tanski supervised approximately seven employees including various maintenance workers and maintenance technicians.

16.     Mr. Tanski, his maintenance staff at the Coram Properties, and other workers employed to work at Defendant's properties throughout the country, were not paid overtime wages for time labeled as "Non-Productive Hours"

17.     As a former maintenance worker for Avalon Communities, Inc., Mr. Tanski is a covered employee as defined by the FLSA, 29 U.S.C. § 203(e) and NY § 190, and is not exempt by the FLSA, 29 U.S.C. § 213.

**Defendant AvalonBay Communities, Inc.:**

18.     AvalonBay is a Maryland corporation duly organized under the laws of the state of New York with its principal place of business at Ballston Tower, Suite 800, 671 N Glebe Road, Arlington, Virginia, 22203.

19.     AvalonBay is a real-estate management company involved in the development, redevelopment, acquisition, ownership and operation of multifamily residential communities throughout the United States, including California, Connecticut, District of Columbia, Florida, Maryland, Massachusetts, New Jersey, New York, Rhode Island, Texas, Virginia, and Washington.

20.     AvalonBay claims to have direct or indirect ownership interests in 274 apartment communicates across the country containing a total of 82,233 apartments. It has issued securities that are publicly traded on the New York Stock Exchange under the ticker symbol "AVB." For the year ended December 31, 2013, AvalonBay reported $1.4 billion in revenue and $352 million in net income.

21.     AvalonBay owns multiple properties throughout New York State, including the two Coram Properties in Suffolk County where Plaintiff was employed as Maintenance Supervisor.

22.     AvalonBay employs a team of maintenance workers to operate each of its properties throughout the country. The number of maintenance staff workers generally depends on the size of the apartment complex they are assigned to.

23.     As all times relevant to this Complaint, AvalonBay had control over all employment practices at their properties. This operation and oversight included control over compensation of workers, scheduling, working conditions, and recruiting and training of workers.

24.     Upon information and belief, at all relevant times, Defendant's annual gross volume of sales made or business done was not less than $500,000.

25.     As detailed below, Defendant AvalonBay is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff and other similarly situated workers.

## SUBSTANTIVE ALLEGATIONS

26.     Plaintiff and the Class have been victims of a common policy and plan perpetrated by Defendant that has violated their rights under the FLSA and the NYLL by denying them proper overtime compensation.

27.     As part of their regular business practice, Defendant has intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this complaint.

**Plaintiff's Position as a Maintenance Supervisor**

28.     Mr. Tanski began his employment with AvalonBay on March 17, 2014. The terms and conditions of his Maintenance Supervisor position were detailed in an employment offer letter ("Offer Letter"), which was presented to him by AvalonBay Senior Maintenance Manager, Mr. Kurt M. Rose, on February 28, 2014. The Offer Letter was issued from the Defendant's Arlington,

Virginia headquarters.   Mr. Tanski accepted the position by signing the Offer Letter on March 3, 2014. *See* **Exhibit A**, Offer Letter dated 02/28/2014.

29.     Mr. Tanski worked as a "Maintenance Supervisor" at two of Defendant's Coram, New York properties: "Avalon Pines" property located at 1 Avalon Pines Dr., Coram, NY 11727; and "Avalon Charles Pond" property located at 1 Charles Pond Drive, Coram, NY 11727 (collectively the "Coram Properties").

30.     Avalon Pines contains approximately 450 residential apartments. It sits next to the Pine Ridge Golf Club and offers certain amenities, including in home washers and dryers, fireplaces, an indoor basketball court, walking trails, and a fitness center. Avalon Charles Pond contains approximately 200 units and offers similar amenities to its residents.

31.     Mr. Tanski began his employment as the Maintenance Supervisor at Avalon Pines. He was later relocated to Maintenance Supervisor at the Avalon Charles Pond location. Mr. Tanski reported directly to Kurt M. Rose, the Senior Maintenance Manager responsible for the management and operation of AvalonBay's Coram Properties.

32.     As Maintenance Supervisor of the Coram Properties, Mr. Tanski was responsible for the day-to-day maintenance of the apartment complex. This included general upkeep of the property grounds, as well as responding to tenant maintenance requests. Mr. Tanksi also supervised a team of approximately seven maintenance employees at each of the Coram Properties.

33.     The maintenance employees under Mr. Tanski's supervision had the following titles and responsibilities:

> a.   <u>Technician 1 (Janitor)</u>: responsible for regularly cleaning and maintaining premises including fitness center, tennis court, indoor sport court, swimming pool, sundeck, barbecue and picnic areas, resident lounge, and golf course;

6

responsible for making daily repairs as requested by residents of Defendant's apartment complex.

b. <u>Technician 2 (Senior Technician):</u> responsible for larger repair jobs needed on the apartment complex facilities and in the residents' apartments, as well as for general maintenance of Defendant's facilities.

34. Mr. Tanski's work schedule was 8:00 am to 5:00 pm, five days per week, with a one hour unpaid lunch break each day.

35. Mr. Tanski recorded his time by using the Defendant's finger print system to "clock-in" when he arrived at the premises and "clock-out" when left for the day. He also clocked-in and out when he took his one hour lunch break each day.

36. In addition to his regular five day per week schedule, Mr. Tanski was required to be "on call" for work on certain Sundays. If a resident had a maintenance request on a Sunday that needed immediate attention, Mr. Tanski would report to work to address the issue. Mr. Tanski's "Call In Pay" was at his regular rate of $26.00 per hour.

37. Two times per week, Mr. Tanski was responsible for purchasing supplies at Home Depot before reporting to work in the morning.  The time spent retrieving supplies took approximately 30 minutes to one hour, however, this time was not considered part of his work day because it occurred before he officially "clocked-in" at work. when he arrived at the facility, after he had already spent approximately 30 minutes to 1 hour retrieving various supplies for the day. He would complete this task approximately two times per week.  Defendant was aware of this practice and required Mr. Tanski to retrieve these supplies before work without compensating him for this time.

**Defendant's Unlawful Overtime Practices**

38.     Plaintiff was a salaried, non-exempt full-time employees of AvalonBay, who was hired to work a regular schedule of 40 hours per week.

39.     Plaintiff's Offer Letter specifically acknowledged that as a Maintenance Supervisor he was entitled to overtime compensation:

> Your base rate of pay will be **$26.00** per hour and you will be paid on AvalonBay's regular weekly paydays which are Friday. As this is a "non-exempt position," you will be entitled to receive additional overtime compensation for all time worked beyond your regularly scheduled hours. Overtime hours, which must be directed or approved in advance by your manager, are paid at the rate of **$39.00** per hour, which rate is equal to one and one-half (1 ½) times your regular hourly rate, for all time worked in excess forty hours in any work week.

*Tim Tanksi Offer Letter, dated February 28, 2014*

40.     Mr. Tanski and other Technicians on his maintenance staff were regularly required to attend staff meetings, training sessions, employee lunches, and other work-related events.  These meetings and events were often planned in advance, however, certain meetings were scheduled on short notice.  Maintenance Supervisors and Technicians assigned to AvalonBay properties other than the Coram Properties were often present at these meetings. At these meetings, Mr. Tanski became acquainted with maintenance employees from Defendant's other properties throughout New York and New Jersey.

41.     These meetings were usually conducted during normal business hours of 8:00 am to 5:00 pm, Monday through Friday, and could last for several hours depending on the nature of the event. Mr. Tanski and the other employees in attendance would often have to report back to their work locations after the meeting concluded to continue working until 5:00 pm.

42.     While these meetings were work-related, conducted during business hours, and often mandatory, Defendant improperly labeled the time spent during these meetings as "Non-Productive" hours.

43.     Moreover, Mr. Tanski was not required to clock in or out in order to record his participation in these meetings.

44.     Any "Non-Productive" work exceeding forty hours per week was compensated at Mr. Tanski's regular rate of pay of $26.00 per hour, not at his overtime rate of one and one half times his normal pay rate ($39.00 per hour) as stated in his Offer Letter and required by the FLSA and NYLL. In other words, if Mr. Tanski worked forty-five hours in a given work week, and five of those hours were labeled by Defendant as "Non-Productive" hours, Mr. Tanski would receive $26.00 pay for all forty-five hours. Defendant did not calculate those extra five hours worked by Mr. Tanski at the required overtime rate of $39.00 per hour.

45.     Defendant actively schemed to prevent their employees from earning overtime, which was accomplished through Defendant's "non-productive hours" policy. Specifically, Mr. Tanski and his co-workers noticed how the Company would schedule these "Non-Productive" meetings/events more frequently during weeks where it looked like the employees' hours were going to exceed forty hours. Therefore, if an employees' hours did in fact exceed forty hours, the Company would have those "non-productive hours" reserved to off-set any accumulated overtime hours.

46.     Plaintiff was never made aware of Defendant's policy concerning "Non-Productive" hours prior to being hired by AvalonBay. Indeed, the Employment Offer Letter AvalonBay presented to Mr. Tanksi upon hiring neglected to mention that Defendant would be labeling certain work hours as either productive or nonproductive hours, or that non-productive

hours would not be eligible for overtime pay.

47.     Mr. Tanski first noticed Defendant's non-productive hours policy when reviewing one of his paychecks. Plaintiff's paycheck, which was generated through the AvalonBay Communities, Inc., 2901 Sabre Street, Suite 100, Virginia Beach, VA 23452, specifically listed separate "Earnings" categories for "Non-Productive Hours" and "Overtime."  Any time labeled as "Non-Productive Hours" was assigned a regular rate of pay whether or not Mr. Tanski's total hours worked for that week exceeded forty hours.

48.     Below is an example of how Defendant categorized Plaintiff's paycheck. *See also* **Exhibit B**, Plaintiff's Paystubs dated 4/6/2014, 9/21/2014, 10/19/2014, and 2/22/2015.

| Earnings: | Rate: | Hours: |
|---|---|---|
| Regular | 26.00 | 40.00 |
| Overtime | 39.00 | 0.75 |
| Non-Productive Hours | 26.00 | 8.00 |
| | | |
| **Total** | | **48.75** |

*See* Paystub for period of 9/21/2014 – 9/27/2014, **Exhibit A**.

49.     Mr. Rose explained to Mr. Tanski that the Company determined what type of work would be considered "non-productive." Mr. Tanksi and the other maintenance workers, including workers assigned to different AvalonBay properties in New York and New Jersey at AvalonBay, discussed Company's "non-productive hours" policy on many occasions. Mr. Tanski and his co-workers would often complain about how they were being shorted overtime compensation because of this "Non-Productive" classification.

50.    As such, AvalonBay is aware that the Plaintiff and members of the putative class regularly work uncompensated overtime, which the Company improperly labels as "non-productive hours."

## FLSA COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former non-exempt employees of Defendant who perform or performed any work in any of Defendant's locations in excess of forty (40) hours per week, which was classified as "Non-Productive Hours," who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of forty (40) hours in a given work week ("FLSA Plaintiffs").

52.    Plaintiff is similarly situated to all such individuals because while employed by Defendant they and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per work-week, and were not paid the required one and a half (1 ½) times their respective regular rates of pay for overtime worked for all hours worked including "Non-Productive Hours."

53.    Defendant treated all FLSA Plaintiffs similarly in requiring them to work in excess of forty (40) hours per work week without adequate overtime compensation for all hours worked including "non-productive hours."  They were regularly and specifically scheduled to work more than forty (40) hours per work week, yet Defendant did not pay them the statutorily required overtime compensation for all hours including "Non-Productive Hours." This practice was enforced against all employees in similar or identical fashion.

## COLLECTIVE ACTION ALLEGATIONS

54.   The Named Plaintiff brings the First Cause of Action, a FLSA claim, on behalf of himself and all similarly situated persons who work or have worked as non-exempt employees for Defendant, who elect to opt-in to this action (the "FLSA Collective").

55.   Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate the Named Plaintiff and the FLSA Collective.

56.   Consistent with Defendant's policy, pattern and/or practice, the Named Plaintiff and the FLSA Collective were not paid the appropriate premium overtime compensation for all hours worked beyond forty (40) per workweek.

57.   All of the work that the Named Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that the Named Plaintiff and the FLSA Collective have performed.

58.   As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Named Plaintiff and the FLSA Collective. This policy, pattern and/or practice includes, but is not limited to: willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours in a workweek; and willfully failing to record all of the time that its employees, including the Named Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

59.   Defendant is aware that federal law required them to pay the Named Plaintiff and the FLSA Collective overtime wages for all of the hours they worked and overtime premiums for hours worked in excess of 40 hours per week.

60.   The Named Plaintiff and the FLSA Collective were subject to the Defendant's same policy and practice of categorizing and failing to pay overtime wages for "Non-Productive Hours."

61.   Defendant's unlawful conduct has been widespread, repeated, and consistent.

62.   There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

63.   Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

64.   In recognition of the services the Named Plaintiff has rendered and will continue to render to the FLSA Collective, the Named Plaintiff will request payment of service awards upon resolution of this action.

## CLASS ACTION ALLEGATIONS

65.   The Named Plaintiff brings the Second and Third Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of a class of persons consisting of:

All current and former non-exempt employees for Defendant, who perform or performed any work in any of Defendant's locations in excess of forty (40) hours per week, which was classified as "Non-Productive Hours," between October 30, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

66.   Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

67.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

68.    Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

69.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.    whether Defendant violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

    b.    whether Defendant correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

    c.    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

    d.    whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

    e.    the nature and extent of class-wide injury and the measure of damages for those injuries.

70.    The claims of the Named Plaintiff are typical of the claims of the Rule 23 Class they seek to represent.  The Named Plaintiff and all of the Rule 23 Class members work, or have

worked, for Defendant.  The Named Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all overtime hours worked.  The Named Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.  The Named Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

71.    The Named Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  The Named Plaintiff understands that as class representatives, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  The Named Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. The Named Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  The Named Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  The Named Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  The Named Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between the Named Plaintiff and the Rule 23 members.

72.    In recognition of the services the Named Plaintiff has rendered and will continue to render to the Rule 23 Class, the Named Plaintiff will request payment of service awards upon resolution of this action.

73.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are

entitled to recovery as a result of Defendant's violations of the NYLL, as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

74.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## CLASS-WIDE FACTUAL ALLEGATIONS

75.    The Named Plaintiff and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of a common policy and plan perpetrated by Defendant that have violated their rights under the FLSA and the NYLL by denying them proper overtime compensation. At all times, Defendant's unlawful conduct, policies, and patterns or practices described in this Class Action Complaint have been willful.

**Wage and Hour Violations**

76.    As part of their regular business practice, Defendant has intentionally, willfully and repeatedly harmed the Named Plaintiff and Class Members by engaging in a pattern, practice, *and/or* policy of violating the FLSA and the NYLL as described in this Class Action Complaint. This pattern, practice, and/or policy includes, but is not limited to the following: failing to pay the Named Plaintiff and Class Members proper overtime compensation for the hours they worked in excess of 40 hours in a workweek.

77.     Upon information and belief, Defendant's unlawful conduct described in this Class Action Complaint has been pursuant to a corporate policy or practice of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

79.     Defendant's unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to the Named Plaintiff and Class Members.

80.     Defendant was aware that the practices described in this Class Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the law with respect to the compensation of the Named Plaintiff and Class Members.

81.     Defendant's deceptive conduct prevented the Named Plaintiff and Class Members from discovering or asserting their claims any earlier than they did. As such, Plaintiff and Class Members are entitled to equitable tolling.

## COUNT I

## VIOLATION OF FEDERAL FAIR LABOR STANDARDS ACT (OVERTIME) AS A COLLECTIVE ACTION

82.     The Named Plaintiff, on behalf of himself and all others similarly situated realleges and incorporates by reference all allegations in all preceding paragraphs.

83.     Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than the higher of one-and-one-half (1 ½) times the regular rate at which she is employed or one-and-one half times the Federal Minimum Wage.

84.     At all times, the Named Plaintiff was an "employee" covered by the FLSA, 29

U.S.C. § 207(a)(1), and Defendant was the Named Plaintiff's "employer" under FLSA, 29 U.S.C. § 207(a)(2).

85.     Defendant, as the Named Plaintiff's employer, was obligated to compensate the Named Plaintiff at the overtime rate of one-and-one-half (1½) times the higher of the Named Plaintiff's regular rate of pay or the applicable federal minimum wage for all hours worked per week in excess of forty (40).

86.     As set forth above, Defendant failed and refused to compensate the Named Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40) hours.

87.     Defendant's failure and refusal to pay the Named Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith. The conduct of Defendant was done in conscious disregard of the Named Plaintiff's rights. Therefore, the Named Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, and other expenses be determined at trial.

## COUNT II

### VIOLATION OF NEW YORK LABOR LAW
### (UNPAID OVERTIME) AS A CLASS CLAIM

88.     The Named Plaintiff, on behalf of himself and all others similarly situated realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect the Named Plaintiff and the members of the Rule 23 Class.

90.     Defendant has failed to pay the Named Plaintiff and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting

New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

91.     Defendant has failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the Named Plaintiff and the members of the Rule 23 Class.

92.     Through its knowing or intentional failure to pay the Named Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

93.     Due to Defendant's willful violations of the NYLL, the Named Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## COUNT III

### VIOLATION OF NEW YORK LABOR LAW (FAILURE TO PROVIDE PROPER WAGE STATEMENTS) AS A CLASS CLAIM

94.     The Named Plaintiff on behalf of himself and all others similarly situated realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Defendant has willfully failed to furnish the Named Plaintiff and the members of the Rule 23 Class with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.  Through their knowing or intentional failure to provide Plaintiff and the members of the

Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, § § 190 *et seq.,* and the supporting New York State Department of Labor Regulations.

96.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), the Named Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendant failed to provide the Named Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(l-d).

## PRAYER FOR RELIEF

**WHEREFORE,** the Named Plaintiff, on behalf of himself and all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      The Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all employees who are presently working, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendant.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of the Named Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of reasonable service awards to the Named Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class, and the risks he has taken on behalf of the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, § § 190 *et seq.,* NYLL, Article 19, § § 650 *et seq.,* and the supporting New York State Department of Labor Regulations;

G.      Unpaid overtime pay, misappropriated gratuities, unlawful deductions, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.


## <u>JURY DEMAND</u>

The Named Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated:  New York, New York
        October 30, 2015

Respectfully submitted,

**HACH ROSE SCHIRRIPA & CHEVERIE LLP**

By:  ___/s/ Frank R. Schirripa_____

Frank R. Schirripa
John A. Blyth
185 Madison Avenue, 14th Floor
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028

*Counsel for Plaintiff and Putative Class*

# EXHIBIT A



Ballston Tower, 671 N. Glebe Road, Suite 800, Arlington, VA 22203. Tel (703)329-6300

2/28/2014

Tim Tanski
1109 William Floyd Parkway
Shirley, NY 11967

Dear Tim:

Congratulations!  I am pleased to confirm our offer to you to join AvalonBay Communities, Inc. in the position of Maintenance Supervisor in our Coram Community, reporting directly to Kurt M. Rose Senior Maintenance Manager. Initially, your regular schedule will be five days per week, eight hours per day, for a total of forty hours per week, with a regular schedule of 8:00 am to 5:00 pm, 5 days per week.  Your schedule may change based on the needs of the Company.

- Your base rate of pay will be **$26.00** per hour and you will be paid on AvalonBay's regular weekly paydays which are Friday.  As this is a "non-exempt position," you will be entitled to receive additional compensation for all time worked beyond your regularly scheduled hours.  Overtime hours, which must be directed or approved in advance by your manager, are paid at the rate of **$39.00** per hour, which rate is equal to one and one-half (1 ½) times your regular hourly rate, for all time worked in excess forty hours in any work week.

- Your start date is scheduled for March 17, 2014.  Please plan to arrive by 8:00 am.

- At present we expect to formally review your performance in December 2014 with consideration for a merit increase effective March 2015.

- As an associate of AvalonBay, you will be eligible for a full-time benefits package provided you work a minimum of 30 hours per week.  The benefits package includes, but is not limited to, medical, dental and vision insurance.  You and your dependents will be eligible for insurance coverage with AvalonBay the first day of the month following 60 days of service. The benefits enrollment will be available online through PeopleSoft Employee Self Service on your first day of work. If you need to enroll, the deadline for making elections is 30 days after your first day of work.  (We suggest you procure some interim insurance or carry your present insurance for this period.)  As a new associate, you are eligible to accrue up to ten days of vacation leave per year.

- Upon meeting the eligibility requirements, you will be automatically enrolled in our 401(k) plan, the AvalonBay Communities, Inc. Associates Savings Plan (the "401(k) Plan"), beginning the first of the month after 2 months of employment.  This means that 5% of your eligible pay for each pay period will be automatically contributed to an account in your name under the 401(k) Plan and will be invested in a mutual fund based upon your retirement age.  If you do not want to be automatically enrolled or you wish to change the deferral amount or investment election, please contact the Fidelity Retirement Benefits Center at: 1-800-835-5097.

- According to AvalonBay policy, your first 90 days of employment with the Company are considered an Introductory Period during which time your performance, conduct, and suitability for employment will be evaluated.

- This offer letter is neither a contract of employment nor a guarantee of continuing employment. Employment is at will. Completion of the introductory period does not guarantee continued employment for any specified period of time. Both you and the Company have the right to terminate your employment at any time, for any reason.

- This offer is contingent upon your submission of satisfactory proof of your identity and of your legal authorization to work in the United States, e.g. passport, alien registration card, driver's license. If you fail to submit this proof, federal law prohibits us from hiring you.

- AvalonBay also requires, as a condition of employment, a successful background check and a drug test. If you have email access, TalentWise, our drug and background check vendor, will provide instructions via email. If you do not have email access, please notify your manager so that they can provide instructions for completing the drug test and background check. You must complete the drug test within 2 business days from the date on this letter.

As you know, in the ordinary course of business, pay and benefit plans and employment policies and practices continue to evolve as business needs and laws change. To the extent that it becomes necessary or desirable for the Company to change any of the plans in which you participate and its employment policies and practices, such changes will immediately apply to you as well.

**Tim,** we are excited about the prospect of you becoming a member of the AvalonBay team. We are confident that you will make a valuable contribution to the Company and to the Department.

If you agree with and accept the terms of this offer of employment, please sign below and return a copy of this letter to me. Please don't hesitate to call me if you have any questions or need any additional information. We are looking forward to seeing you on March 17, 2014.

Sincerely,

**Kurt M. Rose**
Senior Maintenance Manager

Accepted: _____        Date: 3/3/14

# EXHIBIT B



AVALONBAY COMMUNITIES, INC
1 Sabre Street, Suite 100
Virginia Beach, VA 23452
757-631-5126

Employee Name: Timothy Tanski
Dept No: NY014-Avalon Pines I
Employee ID: 21029   Check No: 0111253
Beginning Date: 04/06/2014
Ending Date: 04/12/2014
Check Date: 04/18/2014
Check Amount: 802.18

| Earnings: | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Regular | 26.00 | 38.50 | 1,001.00 | 4,062.50 |
| Non Productive Hours | 26.00 | 3.00 | 78.00 | 136.50 |
| Overtime | | | 0.00 | 58.50 |

Pretax Deductions:

Other Deductions:

| Taxes: | | Current | YTD |
|---|---|---|---|
| Federal | | 141.26 | 550.42 |
| Medicare | | 15.64 | 61.71 |
| FICA | | 66.90 | 263.97 |
| ST - NY | | 53.02 | 208.30 |

| | Gross Pay | Taxes | Deductions | Net Pay | Taxable Earnings | VAC/PTO/SICK Bal: | Tax data: |
|---|---|---|---|---|---|---|---|
| Current | 1,079.00 | 276.82 | 0.00 | 802.18 | 1,079.00 | VAC: 0.00 | Fed. S / 2 |
| YTD: | 4,257.50 | 1,084.42 | 0.00 | 3,173.08 | 4,257.50 | PTO: 0.00 / SICK: 0.00 | State: S / 1 |

AVALONBAY COMMUNITIES, INC
1 Sabre Street, Suite 100
Virginia Beach, VA 23452
757-631-5126

Employee Name: Timothy Tanski
Dept No: NY014-Avalon Pines I
Employee ID: 21029   Check No: 0115614
Beginning Date: 09/21/2014
Ending Date: 09/27/2014
Check Date: 10/03/2014
Check Amount: 879.11

| Earnings: | Rate | Hours | Current | YTD |
|---|---|---|---|---|
| Regular | 26.00 | 40.00 | 1,040.00 | 26,747.50 |
| Overtime | 39.00 | 0.75 | 29.25 | 2,671.02 |
| Non-Productive Hours | 26.00 | 8.00 | 208.00 | 442.00 |
| Floating Holiday Hourly | | | 0.00 | 208.00 |
| Call In Pay | | | 0.00 | 1,196.00 |
| Non Taxable Exp Reimbursement | | | 0.00 | 96.18 |
| Holiday Pay Hourly | | | 0.00 | 624.00 |
| Maintenance  Performance Bonus | | | 0.00 | 694.93 |
| Sick Time - Hourly | | | 0.00 | 208.00 |
| Vacation Pay Hourly | | | 0.00 | 208.00 |

Pretax Deductions: 401(k)   Current: 63.86   YTD: 1,012.47

| Taxes: | | Current | YTD |
|---|---|---|---|
| Federal | | 174.88 | 4,400.42 |
| Medicare | | 18.52 | 479.51 |
| FICA | | 79.19 | 2,046.06 |
| ST - NY | | 61.69 | 1,599.69 |

Other Deductions:

| | Gross Pay | Taxes | Deductions | Net Pay | Taxable Earnings | VAC/PTO/SICK Bal: | Tax data: |
|---|---|---|---|---|---|---|---|
| Current: | 1,277.25 | 334.28 | 63.86 | 879.11 | 1,213.48 | VAC: 19.72 | Fed. S / 2 |
| YTD: | 33,095.63 | 8,524.68 | 1,012.47 | 23,558.48 | 31,988.51 | PTO: 0.00 / SICK: 8.65 | State: S / 1 |

**AVALONBAY COMMUNITIES, INC**
11 Sabre Street, Suite 100
Virginia Beach, VA 23462
57-631-5126

| Employee Name | | Dept No. | | | Employee ID | Check No. |
|---|---|---|---|---|---|---|
| Timothy Tanaki | | NY014-Avalon Pines 1 | | | 21029 | 0119414 |
| Beginning Date 02/22/2015 | | Ending Date 03/28/2015 | | Check Date 03/06/2015 | Check Amount 794.07 | |

| Earnings: | Rate: | Hours: | Current: | YTD: | Pretax Deductions: | Current: | YTD: |
|---|---|---|---|---|---|---|---|
| Regular | 26.00 | 33.75 | 877.50 | 8,138.00 | Medical | 31.66 | 284.94 |
| Call In Pay | 26.00 | 3.50 | 91.00 | 611.00 | Dental | 11.27 | 101.43 |
| Non-Productive Hours | 26.00 | 8.00 | 208.00 | 565.50 | Vision | 1.60 | 14.40 |
| Sick Time - Hourly | | | 0.00 | 143.00 | 401(k) | 58.83 | 553.23 |
| Holiday Pay Hourly | | | 0.00 | 832.00 | | | |
| Maintenance Performance Bonus | | | 0.00 | 387.84 | | | |
| Overtime | | | 0.00 | 165.75 | | | |
| Vacation Pay Hourly | | | 0.00 | 221.00 | | | |
| | | | | | | | |
| Taxes: | | | | | Other Deductions: | | |
| Federal | | | 139.82 | 1,264.18 | | | |
| Medicare | | | 16.41 | 154.63 | | | |
| FICA | | | 70.19 | 661.19 | | | |
| ST - NY | | | 52.65 | 486.42 | | | |

| | Gross Pay | Taxes | Deductions | Net Pay | Taxable Earnings | VAC/PTO/SICK Bal: | | Tax data: |
|---|---|---|---|---|---|---|---|---|
| Current: | 1,376.50 | 279.07 | 103.36 | 794.07 | 1,073.24 | VAC: | 45.10 | Fed: S / 2 |
| YTD: | 11,064.09 | 2,566.42 | 954.00 | 7,543.67 | 10,111.09 | PTO: | 0.00 | State: S / 1 |
| | | | | | | SICK: | 7.50 | |

**AVALONBAY COMMUNITIES, INC**
11 Sabre Street, Suite 100
Virginia Beach, VA 23462
57-631-5126

| Employee Name | | Dept No. | | | Employee ID | Check No. |
|---|---|---|---|---|---|---|
| Timothy Tanaki | | NY014-Avalon Pines 1 | | | 21029 | 0116228 |
| Beginning Date 10/19/2014 | | Ending Date 10/25/2014 | | Check Date 10/31/2014 | Check Amount 772.63 | |

| Earnings: | Rate: | Hours: | Current: | YTD: | Pretax Deductions: | Current: | YTD: |
|---|---|---|---|---|---|---|---|
| Regular | 26.00 | 37.00 | 962.00 | 30,582.30 | 401(k) | 54.60 | 1,231.03 |
| Call In Pay | 26.00 | 2.00 | 52.00 | 1,248.00 | | | |
| Non-Productive Hours | 26.00 | 3.00 | 78.00 | 572.00 | | | |
| Floating Holiday Hourly | | | 0.00 | 208.00 | | | |
| Non Taxable Exp Reimbursement | | | 0.00 | 96.18 | | | |
| Holiday Pay Hourly | | | 0.00 | 624.00 | | | |
| Maintenance Performance Bonus | | | 0.00 | 694.93 | | | |
| Vacation Pay Hourly | | | 0.00 | 208.00 | | | |
| Overtime | | | 0.00 | 2,817.27 | | | |
| Sick Time - Hourly | | | 0.00 | 416.00 | | | |
| | | | | | | | |
| Taxes: | | | | | Other Deductions: | | |
| Federal | | | 130.89 | 4,924.74 | | | |
| Medicare | | | 15.83 | 541.90 | | | |
| FICA | | | 67.71 | 2,317.10 | | | |
| ST - NY | | | 50.34 | 1,801.26 | | | |

| | Gross Pay | Taxes | Deductions | Net Pay | Taxable Earnings | VAC/PTO/SICK Bal: | | Tax data: |
|---|---|---|---|---|---|---|---|---|
| Current: | 1,092.00 | 264.77 | 54.60 | 772.63 | 1,037.49 | VAC: | 25.88 | Fed: S / 2 |
| YTD: | 37,466.86 | 9,585.00 | 1,231.03 | 26,650.85 | 36,141.56 | PTO: | 0.00 | State: S / 1 |
| | | | | | | SICK: | 4.35 | |