UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TIMOTHY TANSKI, on behalf of himself and others similarly situated,

Plaintiff,

- against -

AVALONBAY COMMUNITIES, INC.,

Defendant.

2:15-cv-06260(LDW)(AKT)

*Document Electronically Filed*

**DEFENDANT AVALONBAY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION PURSUANT TO F.R.C.P. 12(b)(6) TO DISMISS THE COMPLAINT**

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
pbrady@ebglaw.com
Attorneys for Defendant

# TABLE OF CONTENTS

**Page**


TABLE OF CONTENTS ........................................................................................................ i

PRELIMINARY STATEMENT ...........................................................................................1

I. PLAINTIFF'S FLSA/NYLL WAGE HOUR CLAIMS SHOULD BE DISMISSED ........3

A. Plaintiff Admits That Some Non-Productive Hours Were Not Mandatory................3

B. Plaintiff's Claim That The Court Cannot "Speculate How Non-Productive Time Was Spent" Contradicts The Second Circuit's *Lundy* Ruling...........................5

C. Plaintiff's Argument That 29 CFR § 778.318(b) Requires An "Agreement In Place For Non-Productive Time" Is Irrelevant ..........................................................7

II. PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATIONS OF THE WAGE THEFT PROTECTION ACT ...........................................................................................9

CONCLUSION.....................................................................................................................10




FIRM:34089575v1

## TABLE OF AUTHORITIES

**Cases** **Page**

*Alexander v. City of Chicago*,
994 F.2d 333 (7th Cir. 1993) ....................4

*Armitage v. City of Emporia*,
982 F.2d 430 (10th Cir. 1992) ....................4

*Avery v. City of Talladega*,
24 F.3d 1337 (11th Cir. 1994) ....................4

*Babcock v. Butler Cnty.*,
800 F.3d 153 (3d Cir. 2015)....................4

*Bernard v. IBP, Inc. of Neb.*,
154 F.3d 259 (5th Cir. 1998) ....................4

*Henson v. Pulaski Cty. Sheriff Dep't*,
6 F.3d 531 (8th Cir. 1993) ....................4

*Hill v. United States*,
751 F.2d 810 (6th Cir. 1984) ....................4

*Lundy v. Catholic HealthCare System, Inc.*,
711 F.3d 106 (2d Cir. 2013)....................1, 2, 5, 6

*Reich v. S. New England Telecomms. Corp.*,
121 F.3d 58 (2d Cir. 1997)....................4

*Roy v. Cty. of Lexington*,
141 F.3d 533 (4th Cir. 1998) ....................4

*Singh v. City of New York*,
524 F. 3d 361 (2d Cir. 2008)....................4

**Statutes**

Fair Labor Standards Act .................... *passim*

N.Y. Lab. Law § 198 ....................1, 9, 10

**Other Authorities**

29 CFR § 778.216....................7

29 CFR § 778.218....................5, 6, 7, 8, 9

29 CFR § 778.318....................2, 3, 6, 8, 9

29 CFR § 785.19 ....................4

29 CFR § 778.2 ....................2

29 CFR § 778.200 ....................7

29 CFR §778.223 ....................2, 7, 8, 9

F.R.C.P. Rule 23 ....................1, 10

Fed.R.Civ.P. 12(b)(6) ....................1, 2, 8, 10

**PRELIMINARY STATEMENT**

Defendant AvalonBay Communities Inc. ("AvalonBay") submits this reply in further support of its Fed.R.Civ.P. 12(b)(6) motion to dismiss portions of Plaintiff Timothy Tanski's ("Plaintiff") Complaint. Plaintiff alleges (on behalf of himself and a putative collective/class action) violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and the New York Labor Law §§ 650 *et seq*. ("NYLL"). He alleges that during his 14-months of employment, AvalonBay did not pay him overtime because time treated as non-productive hours was "assigned a regular rate of pay (not overtime)" regardless of whether or not "Plaintiff's total hours in that week exceeded 40 hours." Plaintiff's Response,[1] at 6. *See also id*., at 4, 5, 7, 8 and 9, and Complaint, ¶¶ 5, 39, 46. Plaintiff also pleads a F.R.C.P. Rule 23 class action claim for inaccurate wage statements under Section 195 of the New York Labor Law, NY CLS Labor § 195.

The Second Circuit in *Lundy v. Catholic HealthCare System, Inc.*, 711 F.3d 106 (2d Cir. 2013), and its progeny, requires that to assert a FLSA complaint for unpaid overtime, the aggrieved party must allege facts that demonstrate he worked more than 40 hours in a specific workweek and was not paid overtime at the statutory rate. If the pleadings, as here, show only that the plaintiff may or may not have worked 40 or more hours in any specific workweek, the plaintiff has failed to state a claim, and his complaint should be dismissed.

Except for the four pay statements annexed as Exhibit B to his Complaint, Plaintiff fails to cite to any specific workweeks in which his "non-productive hours" when combined with working time exceeded 40 hours in a workweek. Plaintiff does not allege what he did during

[1] Plaintiff's Response does not contain page numbers, but provides a Table of Contents with page numbers, which AvalonBay then assigned to the text of the brief.

these specific non-productive hours in his pay statements, and asks the Court to assume that the time was "hours worked" that count towards his entitlement to overtime.

Plaintiff makes three arguments in opposition to the instant motion.

First, Plaintiff suggests that it is irrelevant whether he spent his non-productive hours in training, staff meetings, employee lunches or undefined "other work-related events," because his attendance at the events was "required." Yet, in the Complaint, at ¶42, Plaintiff alleges that these events were "often," but not always, mandatory. Plaintiff's argument is no substitute for Plaintiff's failure to specifically plead the type of non-productive hours listed on the four wage statements annexed as Exhibit B to the Complaint as "hours worked."

Second, Plaintiff contends that there is no basis for AvalonBay, or this Court, to speculate about whether Plaintiff's non-productive hours listed on his wage statements at "employee lunches" or "other work-related events" were voluntary and not "hours worked." Plaintiff's Response, at 9-10. The Complaint, at ¶42, specifically alleges that lunches and unidentified "other work-related" events are examples of Plaintiff's non-productive time and not all events were mandatory. Furthermore, the mere fact that an employee is required to eat his lunch in a particular place does not make his lunch period "hours worked." In stating that these are not questions the Court may consider, Plaintiff ignores the Second Circuit's *Lundy* holding that a complaint making allegations that "maybe" describe an FLSA violation, and "maybe" do not, fails to state a claim. Plaintiff's Complaint fails to affirmatively foreclose such speculation as required by *Lundy* and Fed.R.Civ.P. 12(b)(6).

Third, relying on the United States Department of Labor's ("USDOL") interpretive bulletin, at 29 CFR § 778.318,[2] Plaintiff contends that any non-productive hours must be compensated at his regular rate, because Plaintiff and AvalonBay did not enter into an agreement to provide for a different regular rate for non-productive hours. Plaintiff's Response, at 4; 29 CFR § 778.318(a)-(b).

Plaintiff's Complaint, at ¶¶ 28, 36, 39, 44, 48, alleges that Plaintiff was paid his $26.00 per hour regular rate for each hour categorized as non-productive. *See also* Complaint, at Exhibits A and B. There is no allegation in the Complaint that AvalonBay paid a regular rate for non-productive hours that was lower than Plaintiff's regular rate for productive work, which is the subject of the USDOL's interpretive bulletin, 29 CFR § 778.318(b). More important, Plaintiff ignores the USDOL's interpretive bulletin (29 CFR §§ 778.216-224), interpretation of Section 7(e)(2) of the FLSA (29 U.S.C. § 207(e)(2)), identifying compensable hours (non-productive and idle hours), that may be excluded from time worked for overtime purposes. Plaintiff's Complaint has not plead with specificity that the non-productive hours reflected in the four pay stubs attached to the Complaint were spent in activities that qualify as "hours worked" rather than (for example) idle hours that are not considered for overtime purposes.

## I. PLAINTIFF'S FLSA/NYLL WAGE HOUR CLAIMS SHOULD BE DISMISSED

### A. Plaintiff Admits That Some Non-Productive Hours Were Not Mandatory

This Court should reject Plaintiff's argument that he has pled sufficient facts demonstrating that any non-productive hours were hours worked, because the Complaint "alleges

[2] The USDOL treats part 778 as its official interpretation "with respect to the meaning and application of the maximum hours and overtime pay requirements contained in Section 7 of the Act. It is the purpose of this bulletin to make available in one place the interpretations of these provisions which will guide the Secretary of Labor and Administrator in the performance of their duties under the act unless and until they are otherwise directed by authoritative decisions of the courts or conclude upon reexamination of an interpretation." 29 CFR § 778.2.

that he – and other employees – were regularly *required* to attend staff meetings, training sessions, employee lunches, and other work-related events that were improperly classified as non-productive time." (Plaintiff's Response, at 10, citing Complaint, ¶¶ 40, 42) (emphasis in original). The Complaint does not allege that the non-productive hours listed in Plaintiff's four paystubs covered the above activities. Further, the Complaint, at ¶42, describes "these meetings" as "often mandatory," but not always. In addition, the pleadings do not identify the activities performed at "other work-related events." Thus, the Court and AvalonBay are left to speculate whether activities allegedly treated as non-productive hours are voluntary or mandatory, and, in turn, should be included as time worked for the overtime premium.

Also, an activity is not "hours worked" under the FLSA simply because an employee is required to remain on-site. For example, a lunch period is not "hours worked" because the employee is required to be take his or her lunch in a particular place. Rather, a meal period is "hours worked" only if the employee is primarily engaged in work-related duties during the meal periods. *See, e.g., Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 61 (2d Cir. 1997); *Babcock v. Butler Cnty.*, 806 F.3d 153, 156-57 (3d Cir. 2015); *Roy v. Cty. of Lexington*, 141 F.3d 533, 544-45 (4th Cir. 1998); *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 264-65 (5th Cir. 1998); *Hill v. United States*, 751 F.2d 810, 814 (6th Cir. 1984); *Alexander v. City of Chicago*, 994 F.2d 333, 335 (7th Cir. 1993); *Henson v. Pulaski Cty. Sheriff Dep't*, 6 F.3d 531, 534 (8th Cir. 1993); *Armitage v. City of Emporia*, 982 F.2d 430, 432 (10th Cir. 1992); *Avery v. City of Talladega*, 24 F.3d 1337, 1347 (11th Cir. 1994).[3] "In [such] cases, courts have distinguished between

---

[3] In his Response, at 5, Plaintiff incorrectly argues that the Complaint alleges that "employees were required to attend staff meetings, training sessions, employee lunches, and other work-related events that *primarily benefitted* [sic] the Defendant that were improperly categorized as non-productive hours." (citing Complaint, ¶¶ 4, 40, 42) (emphasis in original). These Complaint paragraphs do not plead that such activities were for the "predominant benefit" of AvalonBay.

employer requirements that substantially hinder an employee's ability to use the time freely and those requirements that place only a minimal burden on the employee's use of time." *Singh v. City of New York,* 524 F. 3d 361, 368 (2d Cir. 2008). Notably, "[i]t is not necessary that an employee be permitted to leave the premises" for a meal period to be excluded from hours worked. 29 CFR § 785.19 (citations omitted).[4]

Accepting the allegations in the Complaint as true, this Court, applying the *Lundy* analysis, *infra* at 6-7, can only conclude that *maybe* Plaintiff spent his non-productive time in "often," but not always, mandatory, job-related meetings; or *maybe* he spent that time in employee lunches in which he could use his time freely (which would not be "hours worked"). Because the unspecified non-productive hours listed on Plaintiff's wage statements may have been spent in other ways that do not qualify as "hours worked," Plaintiff has not properly alleged a violation of the FLSA or the NYLL. *See* 29 CFR § 778.218(a) and (d).

### B. Plaintiff's Claim That The Court Cannot "Speculate How Non-Productive Time Was Spent" Contradicts The Second Circuit's *Lundy* Ruling

Plaintiff argues that there is no basis for AvalonBay to suggest alternative views to explain his non-productive hours. Plaintiff's Response, at p. 9-10. Yet, in *Lundy*, the Second Circuit found that a complaint failed to state a claim because the allegations did not require a conclusion that plaintiff worked more than 40 hours in a particular workweek. One of the plaintiffs alleged that: (i) she "'typically' worked four shifts per week, totaling 30 hours;" (ii) "approximately twice a month," she worked "'five to six shifts' instead of four shifts, totaling

---

[4] 29 CFR § 785.19 refers to non-compensable meal periods for employees who are entirely freed from duty. To the extent that "a literal reading of § 785.19" suggests that employees who are required to eat on the employer's premises are "working," the Second Circuit has "decline[d] to follow this construction" because it is "inconsistent with controlling Supreme Court precedent defining 'work.'" *Reich, supra*, 121 F.3d at 65.

between 37.5 and 45 hours;" and (iii) she was not paid for missed breaks. The court stated that the plaintiff did "not allege that she was denied overtime pay in a week where she worked these additional shifts." 711 F.3d at 115. It opined that allegations that "maybe" describe an FLSA violation, and "maybe" do not describe such a violation, fail to state a claim upon which relief can be granted:

> Maybe [the plaintiff] missed all of her meal breaks, and always worked an additional 30 minutes before and two hours after her shifts, and maybe some of these labors were performed in a week when she worked more than her four shifts. But this invited speculation does not amount to a plausible claim under FLSA.

711 F.3d at 115 (emphasis added). *Lundy* requires that a complaint must foreclose any reasonable speculation that the plaintiff's general work schedule and extra hours occurred in a manner that did not cause the plaintiff to exceed 40 hours in any particular workweek.

Based on the pleadings, this Court may reasonably read Plaintiff's Complaint and conclude that:

- *Maybe* Plaintiff spent the non-productive hours listed in the wage statements attending mandatory meetings and training sessions relating to his job duties that: (i) should have been counted as time-worked, and (ii) caused his work hours to exceed 40 in the workweek; or

- *Maybe* Plaintiff spent the non-productive hours listed in the wage statements at employee lunches or other unidentified work-related events that were not mandatory and did not predominantly benefit AvalonBay (and thus were properly be excluded from "hours worked"); or

- *Maybe* Plaintiff spent some of his non-productive hours at home due to dangerous weather conditions or for early holiday release (29 CFR § 778.218) (which again could properly be excluded from hours worked).

Under *Lundy*, Plaintiff's Complaint must be dismissed because it fails to foreclose the possibility that Plaintiff's non-productive hours were not "hours worked," and, therefore, does not specifically allege that Plaintiff worked more than 40 hours in any particular workweek.

### C. Plaintiff's Argument That 29 CFR § 778.318(b) Requires An "Agreement In Place For Non-Productive Time" Is Irrelevant

In his Response, at 4, 5, 6, 7 and 9, and in his Complaint at ¶¶ 5, 39, 46, Plaintiff relies on the Department of Labor's interpretive bulletin, at 29 CFR § 778.318, to advance his claim for unpaid overtime under the FLSA/NYLL. Plaintiff misapplies the USDOL's interpretive bulletin to the circumstances pleaded in the Complaint.

Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), provides that an employee may not work more than 40 hours in a 7 day workweek without being paid overtime calculated at the statutory rate for hours worked over 40. Section 7(e) of the FLSA, provides that the regular rate at which the employee is employed may exclude payment for certain time that does not qualify as "hours worked":

> (2) Payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause; reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee *which are not made as compensation for his hours of employment*;

29 U.S.C. § 207(e) (emphasis added).

In addressing whether Plaintiff's payment for non-productive hours should be included as part of the regular rate for calculating overtime, Plaintiff ignores this authority demonstrating that some of the time for which an employee is paid does not qualify as "hours worked."[5]

In his Response, at 10, Plaintiff further argues that the "regulation" cited in AvalonBay's brief, *i.e.* 29 CFR § 778.223, "presumably" pertains to circumstances where "there was an agreement in place." But, no such agreement is required, as the USDOL's interpretive bulletin

---

[5] In its interpretive bulletin, at 29 CFR § 778.200, the USDOL notes that the exclusions in Section 7(e)(2) of the FLSA are addressed "in 778.216 through 778.224."

provides at 29 CFR §§ 778.218 and 778.223, that some compensable time (whether called non-productive or idle hours) is excluded from the regular rate for purposes of overtime.

The interpretive bulletin, at 29 CFR § 778.223, provides that:

> Some of the hours spent by employees, under certain circumstances, in such activities as waiting for work, remaining 'on call', traveling on the employer's business or to and from workplaces, and in meal periods and rest periods are regarded as working time and some **are not.**

29 CFR § 778.223 (emphasis supplied). Certain activities described in this part of the interpretive bulletin, such as meal periods, may or may not be regarded as "working time," even if the employee is paid, depending on whether the time "qualifies for exclusion from the regular rate as one of a type of payments made for occasional periods when no work is performed due to … failure to provide sufficient work, or other similar cause, as discussed in § 778.218."[6] *Id.*

Plaintiff correctly notes that, in 29 CFR § 778.318(b), the interpretive bulletin permits the parties to "agree to compensate nonproductive hours worked at a rate (at least the minimum) which is lower than the rate applicable to productive work." However, Plaintiff's pleadings

---

[6] 29 CFR § 778.218 provides in relevant part:

> (a) *General rules*. Payments which are made for occasional periods when the employee is not at work due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause, where the payments are in amounts approximately equivalent to the employee's normal earnings for a similar period of time, are not made as compensation for his hours of employment. Therefore, such payments may be excluded from the regular rate of pay under section 7(e)(2) of the Act and, for the same reason, no part of such payments may be credited toward overtime compensation due under the Act.
>
> * * *
>
> (d) *Other similar cause*. The term "other similar cause" refers to payments made for periods of absence due to factors like holidays, vacations, sickness, and failure of the employer to provide work. Examples of "similar causes" are absences due to jury service, reporting to a draft board, attending a funeral of a family member, inability to reach the workplace because of weather conditions. Only absences of a nonroutine character which are infrequent or sporadic or unpredictable are included in the "other similar cause" category.



FIRM:34089575v1

establish beyond peradventure that Plaintiff was paid his regular rate of $26.00 for all hours regardless of whether treated as productive or non-productive, or even as idle hours. Complaint ¶¶ 26, 29, 44 and Exhibits A and B. Thus, it is indisputable that 29 CFR § 778.318(b) is inapplicable to this case.

In his Response, at 10, Plaintiff is the master of his pleadings, but when such pleadings do not comport with the legal theory upon which he proceeds, a Rule 12(b)(6) motion is appropriate. In his pleadings, Complaint, at ¶¶ 5, 39, 46 and in his Response, at 4, 5, 6, 7, 8, 9, Plaintiff argues that interpretive bulletin (29 CFR § 778.318(a)) is implicated because AvalonBay characterized certain hours as non-productive. This part of the interpretive bulletin addresses "work hours spent in waiting time, time spent in travel on the employer's behalf or similar non-productive times…" 29 CFR § 778.318(a). These types of non-productive hours are not identified in his Complaint as the non-productive hours in this case. Complaint, at ¶ 40.

The Complaint does not allege specific facts demonstrating that the non-productive hours listed in Plaintiff's wage statements were "hours worked" within the meaning of 29 CFR § 318(a). Nor was AvalonBay required to enter into an agreement with Plaintiff regarding its non-productive hours, if it did not lower his regular rate and if such hours were covered, *inter alia*, by 29 CFR § 778.218 and § 778.223.[7] Plaintiff's overtime claims, therefore, should be dismissed.

## II. PLAINTIFF HAS NOT STATED A CLAIM FOR VIOLATIONS OF THE WAGE THEFT PROTECTION ACT

Plaintiff's Complaint alleges that AvalonBay failed to comply with Section 195(3) of the NYLL, because his wage statements did not list non-productive hours as overtime in certain

[7] In his Response, at 9-10, Plaintiff asserts that "… without an agreement [provided under 29 CFR § 778.318], Defendant was prohibited from utilizing a non-productive rate of pay in lieu of overtime compensation." This assertion appears at odds with 29 CFR § 778.318(b), which provides that parties may agree that different regular rates may be paid for productive and non-productive work, but the regular rate for overtime purposes is the "weighted average of the two rates…."

cases. Plaintiff therefore seeks the remedies provided for in NYLL § 198(1)(1-d). For the reasons set forth above, Plaintiff has not alleged sufficient facts identifying any specific workweeks in which his wage statements underreported his overtime hours, as he has not shown that the unidentified activities characterized as non-productive hours in the four wage statements can be considered working time.

Plaintiff's Response, at 11, suggests that Plaintiff is asserting a claim that "Defendant did not keep accurate records of 'non-productive time.'" (Plaintiff's Response, page 11.) However, the Complaint does not allege such a claim. (See Complaint, ¶¶ 95-96.) Moreover, NYLL § 198 provides no remedy for the failure to maintain accurate records. See NY CLS Labor § 198 (1)-(4) (providing remedies for wage claims and failure to provide the proper notices).

Plaintiff's claim under section 195 of the New York Labor Law has not been sufficiently pled, and that claim should also be dismissed.

**CONCLUSION**

For the foregoing reasons, AvalonBay respectfully submits that Plaintiff's Complaint fails to state a claim on which relief may be granted for unpaid overtime under the Fair Labor Standards Act and New York Labor Law, and for non-compliant wage statements under the New York Labor Law. Therefore, these claims should be dismissed under Fed.R.Civ.P. 12(b)(6).

Dated: January 19, 2016
Newark, New Jersey

Respectfully submitted
EPSTEIN BECKER & GREEN, P.C.

By: */s/ Patrick G. Brady*

250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
pbrady@ebglaw.com
*Attorneys for Defendant*