UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
TIMOTHY TANSKI, on behalf of himself and others :
similarly situated, : 2:15-cv-06260(LDW)(AKT)
:
                    Plaintiff, :
: *Document Electronically Filed*
                - against - :
:
AVALONBAY COMMUNITIES, INC., :
:
                    Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANT AVALONBAY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OR MODIFICATION OF JANUARY 15, 2016 CASE MANAGEMENT AND SCHEDULING ORDER**

EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

One Gateway Center
Newark, New Jersey 07102
(973) 642-1900
pbrady@ebglaw.com
Attorneys for Defendant

FIRM:34722510v2

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL ARGUMENT .................................................................................................................. 2

    A.    The Facts In This Case Support Amendment Or Reconsideration Of The CMSO ................................................................................................................................ 2

    B.    Discovery In This Matter Should Be Bifurcated ................................................................ 3

    C.    Depositions Should Be Permitted of Declarants Who Submit Statements in Support Of, Or In Opposition To, Plaintiff's Motion For Collective Action Certification ........................................................................................................................ 7

CONCLUSION ............................................................................................................................ 10

FIRM:34722510v2

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cano v. Four M. Food Corp.*,
   2009 U.S. Dist. LEXIS 7780 (E.D.N.Y. Feb. 3, 2009)............................................................5

*Carver v. Velocity Express Corp.*,
   2008 U.S. Dist. LEXIS 35810 (W.D.N.C. Apr. 14, 2008) ......................................................8

*Chen v. Ampco Sys. Parking*,
   2009 U.S. Dist. LEXIS 71633 (S.D. Cal. Aug. 14, 2009) .......................................................6

*Comer v. Wal-Mart Stores, Inc.*,
   454 F. 3d 544 (6th Cir. 2006) .................................................................................................8

*Cooper v. Cavalry Staffing, LLC*,
   2015 U.S. Dist. LEXIS 130536 (E.D.N.Y. September 25, 2015).............................................2

*Doucoure v. Matlyn Food, Inc.*,
   554 F. Supp. 2d 369 (E.D.N.Y. 2008) ....................................................................................5

*Fetrow-Fix v. Harrah's Entm't, Inc.*,
   2011 U.S. Dist. LEXIS 150116 (D. Nev. Dec. 29, 2011)........................................................7

*Hallissey v. Am. Online, Inc.*,
   2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008)........................................................6

*Iriarte v. Redwood Deli & Catering, Inc.*,
   2008 U.S. Dist. LEXIS 50072 (E.D.N.Y. June 30, 2008) ....................................................5, 6

*Kemper v. Westbury Operating Corp.*,
   2012 U.S. Dist. LEXIS 149682 (E.D.N.Y. Oct. 17, 2012)......................................................5

*Klimchak v. Cardrona, Inc.*,
   2011 U.S. Dist. LEXIS 30652 (E.D.N.Y. Mar. 24, 2011) .......................................................5

*Lujan v. Cabana Mgmt., Inc.*,
   2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011).............................................................5

*McGlone v. Contract Callers, Inc.*,
   867 F. Supp. 2d 438 (S.D.N.Y. 2012).....................................................................................4

*Morden v. T-Mobile USA, Inc.*,
   2006 U.S. Dist. LEXIS 42047 (W.D. Wash. June 22, 2006)...................................................7

FIRM:34722510v2

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010)...................................................................................................2, 4

*Rubery v. Buth-Na-Bodhaige, Inc.*,
    569 F. Supp. 2d 334 (W.D.N.Y. 2008) .......................................................................................6

*Schwerdtfeger v. Demarchelier Mgmt., Inc.*,
    2011 U.S. Dist. LEXIS 60338 (S.D.N.Y. June 6, 2011).............................................................5

*Sexton v. Franklin First Fin., Ltd.*,
    2009 U.S. Dist. LEXIS 50526 (E.D.N.Y. Jun. 16, 2009) ...........................................................5

*Sharma v. Burberry Ltd.*,
    52 F. Supp. 3d 443, 455, 457-459 (E.D.N.Y. 2014) ..................................................................6

**Statutes**

Fair Labor Standards Act, 29 U.S.C. § 201 ........................................................................ *passim*

New York Labor Law ....................................................................................................1, 2, 4, 6

**Other Authorities**

F.R.Civ.P. 23.................................................................................................................... *passim*

Fed. R. Civ. P. 16(b) ...........................................................................................................1, 3

Fed. R. Civ. P. 54(b) ..............................................................................................................2

Rule 6.3 of the Local Rules...................................................................................................1

iii

FIRM:34722510v2

**PRELIMINARY STATEMENT**

AvalonBay Communities, Inc. ("AvalonBay" or "Defendant") respectfully submits this brief in reply to Plaintiff Timothy Tanski's opposition papers ("Plaintiff's Opposition") and in further support of Defendant's motion pursuant to Rule 6.3 of the Local Rules of the Eastern and Southern Districts of New York and Rules 16(b) and 54(b) of the Federal Rules of Civil Procedure seeking reconsideration or modification of this Court's January 15, 2016 Case Management and Scheduling Order ("CMSO") ("Defendant's Motion").

This Court should bifurcate discovery so that the resolution of whether this Court may exercise its discretion to facilitate the sending of notice to potential plaintiffs of the opportunity to opt-in to this FLSA lawsuit, and to certify a New York Labor Law class under F.R.Civ.P. 23, are addressed before Defendant is required to engage in costly and burdensome discovery on the merits of Plaintiff's federal and state law claims. Plaintiff will not be prejudiced by bifurcated discovery because it will not delay the briefing schedule established by the Court as to Plaintiff's motion for facilitated notice under Section 216(b) of the FLSA.

Plaintiff fails to explain how bifurcated discovery will delay the disposition of this case. As a threshold matter, discovery in this case should initially be limited to the suitability of the case for collective treatment and class action status. Plaintiff offers no facts to explain why discovery would be delayed by addressing these issues first, and then addressing the merits of the claims of individuals who will participate in any collective or class action proceedings.

Plaintiff also contends that bifurcated discovery is not warranted by the caselaw in this jurisdiction because the standard for facilitated notice is low and, therefore, should not affect the structure of discovery in this case. However, the FLSA's two-step certification process has been approved by the Second Circuit, and this case must proceed in a manner consistent with that structure. Notably, in FLSA cases seeking collective treatment, courts repeatedly state that after

phase one notice issues are resolved, more robust discovery will occur to test whether the opt-ins are "similarly situated."[1]  Here, Plaintiff wants to conduct full merits discovery before the contours of the Section 216(b) collective and Rule 23 class action, if any, are defined. Specifically, Plaintiff seeks to proceed with a nationwide FLSA collective action and two New York Labor Law Rule 23 classes involving potentially hundreds, if not thousands, of employees. Thus, merits discovery will be burdensome and should not be required until the Court determines if (and in what way) this case will proceed as a collective or class action.

## LEGAL ARGUMENT

A.    **The Facts In This Case Support Amendment Or Reconsideration Of The CMSO**

Plaintiff asks this Court to disregard its common sense to conclude that reconsideration of its interlocutory CMSO is inappropriate.  Specifically, Plaintiff asserts that the requirements of Fed. R. Civ. P. 54(b) ("an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error and prevent manifest justice") are not met by Defendant's Motion.  (Plaintiff's Opposition, p. 1.)  At the January 12, 2016 scheduling conference, this Court specifically stated that: (i) it could not consider bifurcating discovery because it was precluded by Judge Wexler's individual rules; and (ii) this Court specifically invited Defendant's Counsel to address this issue with Judge Wexler.  (Defendant's Motion, Exhibit B, Transcript, pp. 2:23 – 3:2; Defendant's Motion, Exhibit D, Civil Conference Minute Order, filed 1/15/16, ¶ 3.)  Because Judge Wexler is no longer handling this matter, and his individual rules no longer control the scheduling issues, it is appropriate for Defendant to accept this Court's invitation to revisit the bifurcation issue.

---

[1] *See Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Cooper v. Cavalry Staffing, LLC*, 2015 U.S. Dist. LEXIS 130536 *16 (E.D.N.Y. September 25, 2015).

2

Plaintiff's argument that Judge Wexler's scheduling requirements is a "red herring," (Plaintiff's Opposition, p. 2), should be rejected because, at the January 12, 2016 conference, this Court specifically stated that the Court was denying the "relief requested" (bifurcated discovery) because Judge Wexler would not allow bifurcation.[2]  As set forth below, there is good cause for this Court to amend the interlocutory CMSO pursuant to F.R.Civ.P. 16(b).

**B.**     <u>**Discovery In This Matter Should Be Bifurcated**</u>

Plaintiff argues against bifurcated discovery, contending that "[s]taying Plaintiff's ability to propound merits discovery until after conditional certification is adjudicated, or at the earliest some date after February 16th, will undoubtedly delay the resolution of this action, and at the very least put unnecessary constraints on counsel and the Court to complete fact discovery and resolve any outstanding disputes." (Plaintiff's Opposition, p. 4.)  Plaintiff's reflexive response is without any factual basis.  Discovery must be taken as to both: (i) the suitability of the case for collective treatment and class action status; and (ii) the merits of the underlying claims.  Plaintiff provides no explanation of why discovery would be delayed by addressing these issues in a logical sequence, rather than in random, haphazard fashion before the scope of the collective and class action are defined.

Plaintiff acknowledges that he is required to make only a "modest showing" on his Section 216(b) motion for facilitated notice, and concludes that this minimal burden ironically justifies maximum discovery before the scope of the collective and class action are known.

---

[2] At the January 12, 2016 conference, this Court opined that:

> [Judge Wexler]'s, number one, not going to permit me to stay discovery here [pending disposition of the motion to dismiss], and number two, he's not going to permit to bifurcate it either.  So it was a nice try and I understand why you asked for it.  But I also have my marching orders.  So we'll proceed from there.

(Defendant's Motion, Exhibit B, pp. 2:23 – 3:2.)

(Plaintiff's Opposition, p. 3.)  The "modest showing" argued by Plaintiff does not support the premature and potentially unnecessary costs involved in conducting merits discovery as to a FLSA collective and F.R.Civ.P. Rule 23 class actions until the size of such actions is determined. Bifurcated discovery is proportional and tailored to the resolution of Section 216(b) conditional certification because Plaintiff is not required to prove his case at this juncture, but is only required to make a preliminary showing that collective action status is warranted.

The Second Circuit recognizes that there is a two-step process for litigating FLSA collective actions.  *See Myers v. Hertz Corp., supra*, 624 F.3d at 554-55 (under section 216(b) of the FLSA, "the district courts of this Circuit appear to have coalesced around a two-step method.")  The first step "involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs..." *Id.*  At the second stage, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward." *Id.*

Focusing on the "modest factual showing" a plaintiff must make to facilitate notice, the cases cited by Plaintiff do not support the proposition that merits discovery is necessary or required prior to the Court's ruling on such a motion.  Nor is merits discovery necessary to support Plaintiff's putative New York Labor Law Rule 23 class.  In the majority of the cases cited by Plaintiff, the courts ruled on motions for the conditional certification of small collective actions based on declarations from employees with personal knowledge and without considering any discovery obtained by the plaintiff.  To the extent that Plaintiff contends that these cases are a template for the instant case against AvalonBay, the cases support the proposition that the Plaintiffs do not need to take collective or class-wide merits discovery before a motion for facilitated notice can be decided.  *See* (in the order cited by Plaintiff) *McGlone v. Contract*

*Callers, Inc.*, 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (class limited to defendant's New York division certified based on declarations of employees with personal knowledge); *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 373 (E.D.N.Y. 2008) (certification granted without discovery and limited to New York); *Sexton v. Franklin First Fin., Ltd.*, 2009 U.S. Dist. LEXIS 50526, at *11 (E.D.N.Y. Jun. 16, 2009) (based on ten declarations, conditional certification of collective encompassing inside loan officers in Syosset, Haupage and West Hempstead, NY locations); *Kemper v. Westbury Operating Corp.*, 2012 U.S. Dist. LEXIS 149682, at **2, 8 (E.D.N.Y. Oct. 17, 2012) (based on four declarations, conditional certification granted as to single hotel operated by defendant); *Klimchak v. Cardrona, Inc.*, 2011 U.S. Dist. LEXIS 30652, at **19-20 (E.D.N.Y. Mar. 24, 2011) (based on four affidavits, this Court granted plaintiff's motion in part and stated that "plaintiffs' FLSA claim does not involve a large and broadly defined group… the potential burden on defendants associated with defending against a collective action in this case would be minimal."); *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 60338, at *3 (S.D.N.Y. June 6, 2011) (conditional certification of class at one restaurant based on four affidavits); *Lujan v. Cabana Mgmt., Inc.*, 2011 U.S. Dist. LEXIS 9542, at 14 (E.D.N.Y. Feb. 1, 2011) (conditional certification of class at three New York restaurants based on affidavits); *Cano v. Four M. Food Corp.*, 2009 U.S. Dist. LEXIS 7780, at *12 (E.D.N.Y. Feb. 3, 2009) ("Plaintiffs have sufficiently shown a factual basis for being similarly situated with respect to this common policy of being denied overtime pay through their pleadings and submitted affidavits."; granting conditional certification covering three supermarkets).[3]

---

[3] Plaintiff does cite to four cases in which discovery was taken prior to the filing of a motion for conditional certification, but there is no indication that collective or class-wide merits discovery was taken. For example, in *Iriarte v. Redwood Deli & Catering, Inc.*, 2008 U.S. Dist. LEXIS

5

Until the Court rules on Plaintiff's pending Motion for Conditional Certification and Court-Authorized Notice (and Plaintiff's F.R.Civ.P. 23 New York Labor Law class actions) discovery should be limited to ascertaining if the case is suitable for collective and class action treatment and, if so, the scope of such claims.  Merits discovery should follow.

Furthermore, Plaintiff acknowledges the Defendants have cited to numerous cases in which courts have ordered that discovery be taken on issues relating to collective/class certification prior to the filing of a motion for conditional certification, but then argues through a very liberal ready of the opinions that such discovery is available only at the unilateral discretion of the plaintiff.  (Plaintiff's Opposition, pp. 5-6.)

- Plaintiff states that *Chen v. Ampco Sys. Parking*, 2009 U.S. Dist. LEXIS 71633 (S.D. Cal. Aug. 14, 2009) "involves bifurcated discovery at plaintiffs' request to be able to define the class. Id. at *2-4. (Emphasis added). *Chen* does not, in any way, indicate that a defendant is entitled to discovery prior to conditional certification." (Plaintiff's Opposition, p. 5.)  There is no language in *Chen* that supports this assertion.  While *Chen*

---

50072, at *1, 10 (E.D.N.Y. June 30, 2008) (certifying class at one deli after discovery was taken), the court relied on an affidavit from the named plaintiff, and written discovery relating to the suitability of the case for collective action status and the claims of the named plaintiff.  *Id*. at **6-7.  Specifically, the court considered a document request for the "procedures and methods by which [the defendant's] company records the time and/or hours worked by its employees;" a document request for documents reflecting the named plaintiff's wages, salary and hours worked; and interrogatories asking for "the total amount plaintiff was paid for overtime hours worked, or the total amount of wages plaintiff was paid during each pay period he was employed by defendant.  *Id*.  *See also Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 455, 457-459 (E.D.N.Y. 2014) (after depositions were taken, plaintiff's motion for nationwide conditional certification was granted only as to two New York stores and one New Jersey store based on declarations from employees who worked in those stores and deposition testimony of one plaintiff regarding his personal knowledge of whether the policy as issue applied in other stores); *see Rubery v. Buth-Na-Bodhaige, Inc*., 569 F. Supp. 2d 334 (W.D.N.Y. 2008) (noting only that "substantial discovery [had] taken place"; *Hallissey v. Am. Online, Inc.*, 2008 U.S. Dist. LEXIS 18387, at *2 (S.D.N.Y. Feb. 19, 2008) (noting only that "several depositions" were taken and "numerous documents" were produced).

6

addresses a motion to compel filed by the plaintiff, it does not state that discovery was allowed for the plaintiff only, or that discovery was allowed only because it was desired by the plaintiff. The fact that pre-certification discovery took place demonstrates that limited discovery is appropriate to ensure that any decision on certification has an adequate basis.

- Plaintiff asserts that, in *Fetrow-Fix v. Harrah's Entm't, Inc.*, 2011 U.S. Dist. LEXIS 150116 (D. Nev. Dec. 29, 2011), "the parties jointly requested bifurcated discovery." (Plaintiff's Opposition, p. 5.) From the fact that the plaintiff, the defendant and the court in *Fetrow-Fix* all agreed that pre-certification discovery was necessary, Plaintiff concludes that the case stands for the proposition that pre-certification discovery is unnecessary. The opposite conclusion is warranted.

- Plaintiff quotes from *Morden v. T-Mobile USA, Inc.*, 2006 U.S. Dist. LEXIS 42047 (W.D. Wash. June 22, 2006), in which the court stated it "allowed the plaintiff minimal discovery without moving for conditional certification based upon the court's understanding that such discovery was necessary for the plaintiff to properly define the proposed class." (Plaintiff's Opposition, pp. 5-6.) The fact that the *Morden* court expressly stated that it understood pre-certification discovery was limited to properly define the proposed class supports Defendant's position that bifurcated discovery should be conducted in this case.

C. **Depositions Should Be Permitted of Declarants Who Submit Statements in Support Of, Or In Opposition To, Plaintiff's Motion For Collective Action Certification**

The Court should allow Defendant to take the depositions of those individuals who submit declarations in support of Plaintiff's motion for conditional certification (which, to date, includes Plaintiff and opt-in Diego Santander). Limited, focused discovery regarding issues

7

pertaining to the appropriateness of facilitated notice will generate a record that will allow the Court to properly determine if there are any aggrieved parties who are similarly situated to Plaintiff and the appropriate scope of the collective/class action.

Defendant's Motion cited to *Comer v. Wal-Mart Stores, Inc.,* 454 F. 3d 544, 546 (6th Cir. 2006), in which the Sixth Circuit Court of Appeals expressly approved a bifurcated discovery schedule that included the deposition of the named plaintiff. *Id.* Plaintiff simply ignores the Sixth Circuit's *Comer* decision.

Defendant's motion also cited *Carver v. Velocity Express Corp.*, 2008 U.S. Dist. LEXIS 35810, at **2-3 (W.D.N.C. Apr. 14, 2008), where the defendants argued that (to effectively oppose the anticipated motions for certification or to move to dismiss) they needed initial discovery that would include deposing all named plaintiffs, and the court granted the defendants the opportunity to take that discovery. As to *Carver*, Plaintiff simply states that *Carver* "is a case where plaintiffs requested depositions prior to conditional certification." (Plaintiff's Opposition, p. 6.) However, in *Carver*, both parties requested discovery, and both parties were granted discovery on "all matters relevant to certification of a collective action under Section 216(b) and certification of a class under Rule 23," which included depositions of the plaintiffs that were to occur in the initial stage of discovery. *Id.* at 2-3, 7 ("defendants argued that in order to oppose the anticipated motions for certification or to move to dismiss, they too would need initial discovery that would include deposing all the named plaintiffs.") Thus, there is ample support for the proposition that a defendant may depose the plaintiffs in a purported collective or class action for the limited purpose of opposing a motion for certification.

Plaintiff correctly notes the following exchange took place during the scheduling conference in this case:

8

> MR. SCHIRRIPA: Defense counsel has proposed their opposition due after they receive transcripts from proposed depositions, and I think this was –
>
> THE COURT: That's not going to happen, ...
>
> THE COURT: There's a very low threshold for collective action certification. I'm sure by the time counsel has to file his opposition he'll know enough in terms of having whatever factors he needs to at least oppose the motion.

(Plaintiff's Opposition, p. 2.) However, the Court was concerned with possible delays in discovery, but (as stated above) Defendant seeks only to structure discovery and not to extend it.

Furthermore, the Court made clear that it was not expecting Plaintiff to seek certification of a nationwide class. (See Defendant's Motion, Exhibit B, Transcript, pp. 9:24-10:2.) Though Plaintiff appears to have pared back the scope of its nationwide FLSA collection not to include office workers in his proposed class, he nevertheless seeks to certify a nationwide class of that he claims will encompass "hundreds of current and former non-exempt maintenance and service employees." (Memorandum of Law in Support of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(B) of the FLSA and for Expedited Discovery, pp 1.) Thus, merits discovery in this case will be burdensome, and should not be taken until there is a determination the case should proceed as an FLSA collective action and/or Rule 23 class action.

Therefore, to avoid unduly burdensome discovery regarding information that may ultimately prove to be irrelevant, AvalonBay respectfully requests that this Court revise the CMSO to allow for the depositions of declarants submitting statements in support of Plaintiff Timothy Tanski's motion for conditional certification of a collective action

9

## **CONCLUSION**

Defendant moves this Court to reconsider the Scheduling Order to provide for:

(1) Bifurcated discovery under which the scope of discovery is limited to evidence to support or oppose the case proceeding as a collective and/or class action; and

(2) The depositions of declarants in support of Plaintiff Timothy Tanski's motion for conditional certification of a collective action under.

Dated: February 19, 2016  
       Newark, New Jersey

Respectfully submitted  
EPSTEIN BECKER & GREEN, P.C.

By: */s/ Patrick G. Brady*

One Gateway Center  
Newark, New Jersey 07102  
(973) 642-1900  
pbrady@ebglaw.com  
Attorneys for Defendant

250 Park Avenue  
New York, New York 10177-1211  
(212) 351-4500