UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
TIMOTHY TANSKI, on behalf of himself and others
similarly situated,

                          2:15-cv-06260(LDW)(AKT)

                Plaintiff,

- against -

AVALONBAY COMMUNITIES, INC.,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## STIPULATION AND PROTECTIVE ORDER REGARDING INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

AvalonBay Communities, Inc. ("Defendant"), through its attorneys, Epstein Becker & Green, P.C., and Timothy Tanski ("Plaintiff"), through his attorneys, Hach Rose Schirripa & Cheverie LLP, hereby stipulate and agree as follows:

1. The parties are in the process of conducting discovery, including, but not limited to, discovery of electronically stored information ("ESI") related to this litigation. Given the potential volume of discovery, including ESI, the parties recognize that a party may inadvertently produce documents protected from disclosure by the attorney-client and/or work product privileges. To facilitate the expeditious production of such discovery, the parties hereby enter into this Stipulation to ensure that such privileges are preserved.

2. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production. There shall be no waiver of privilege

regardless of the degree of care or precautions undertaken by any party and regardless of the measures taken to prevent the production of privileged material.

3. Any party that learns of an inadvertent disclosure of privileged or protected documents or information by any party herein must notify the producing party and any other receiving party promptly in writing after becoming aware of the inadvertent disclosure. Upon learning of an inadvertent disclosure, all receiving parties shall treat such inadvertently disclosed documents or information in accordance with paragraphs 4 through 8. These provisions apply regardless of which party initially discovers the inadvertent or mistaken disclosure of documents or information subject to a claim of attorney-client privilege, work product immunity, or any other protection from discovery.

4. Upon receiving written notice that a party has inadvertently disclosed privileged or otherwise protected documents or information, the party or parties that received said documents or information shall not review, copy or disseminate such documents or information. The party or parties that received said documents or information shall within three (3) business days return all copies to the party that produced the material or certify that all such copies have been destroyed and certify that it has destroyed all notes, excerpts, summaries, or any other materials containing information from said documents or information.

5. If the receiving party contends a document or information is not privileged, within three (3) business days of receiving notice of the inadvertent production the receiving party shall notify the producing party that it intends to move for an order allowing the use of an inadvertently produced privileged document or information. Once the receiving party notifies the producing party that it intends to move for an order that the document or information in question is not properly subject to any privilege claims, it must file its motion under seal within

fourteen (14) days of providing such notice in conformity with the procedures set forth by the Clerk of the Court and/or the Individual Practice Rules of the assigned judges. In connection with such a motion, the moving party shall not assert as a ground for disclosure the fact or circumstances of the inadvertent disclosure. The party asserting the privilege retains the burden of proving the privileged status of the document or information and shall file its opposition under seal and submit a copy of the document or information in question for *in camera* review by the court.

6. The receiving party shall notify the producing party of any discovery of any apparently privileged materials within five (5) business days of such discovery and shall return all copies or reproductions of the suspected privileged material to the producing party within three (3) business days upon request. The receiving party shall not use such items for any purpose until further notice of the Court. Such inadvertent production shall not be deemed a waiver of the applicable privilege or protection.

7. The return of any discovery item to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the document or thing was never privileged and should be produced. Such motion shall not rely upon in any manner or assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

8. To the extent that the allegedly privileged material contained in a document has already been used or described in other documents generated or maintained by the receiving party, then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the allegedly privileged material before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

3

Stipulated and consented to by:

| | |
|---|---|
| Attorneys for Plaintiff Timothy Tanski<br>Hach Rose Schirripa & Cheverie LLP<br>185 Madison Avenue<br>14th Floor<br>New York, NY 10016 | Attorneys for Defendant AvalonBay Communities, Inc.<br>Epstein, Becker & Green<br>250 Park Avenue<br>New York, New York 10177-1211<br>One Gateway Center<br>Newark, New Jersey 07102 |
| By: _____<br>Frank R. Schirripa | By: _____<br>Patrick G. Brady |

Date: March 7, 2016

IT IS SO ORDERED on this _____ day of March 2016.

_____
A. KATHLEEN TOMLINSON
United States Magistrate Judge