

EPSTEIN
BECKER
GREEN

Attorneys at Law

Patrick G. Brady
t  973.639.8261
f  973.639.8556
pbrady@ebglaw.com

May 26, 2016

**BY ECF**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

> Re: **Tanski v. AvalonBay Communities, Inc.**
> **Civil Action No. 2:15-cv-06260**
> **Discovery Status Report**

Dear Judge Tomlinson:

Pursuant to the Court's Civil Conference Minute Order, at ¶12 (ECF No. 19), on behalf of Defendant AvalonBay Communities, Inc. ("Defendant"), this Discovery Status Report is submitted in anticipation of the June 1, 2016 status conference.

**(1)** **Status of Document Production:** Defendant states that its document production is essentially complete, having produced 1,612 pages to date, including Plaintiff Tanski's and Opt-In Plaintiff Santander's personnel files, time keeping and payroll records, transaction records (Tanski only) relating to allegations of off-the-clock work, and Defendant's relevant policies, manuals and training materials. Production of electronically stored information ("ESI") is not complete because counsel for Plaintiff Tanski and Opt-In Plaintiff Santander ("Plaintiffs' counsel") rejected Defendant's proposed document custodians and search terms to conduct its search. Rather, Plaintiffs' counsel elected to defer identifying custodians and search terms.[1]

---

[1] Pursuant to the Court's Civil Conference Minute Order, ¶7 (ECF No. 19), on February 26, 2016, Defendant provided Plaintiff with a Stipulation Regarding Electronic Discovery which set forth proposed search terms and document custodians to conduct its search for responsive ESI. Plaintiff rejected Defendant's proposed search terms and document custodians. On March 3, 2016, Plaintiff provided an ESI Protocol that focused primarily on the format of production and, as to ESI, advised it was premature for Plaintiffs to stipulate as to custodians and search terms. The parties exchanged drafts of this ESI Protocol, with Defendant transmitting to Plaintiffs' counsel on March 28, 2016, the most current iteration of the proposed ESI Protocol.

The Honorable A. Kathleen Tomlinson
May 26, 2016
Page 2

Depending on the Court's disposition of the pending motions, i.e., Dismissal For Failure To State
A Claim   (ECF No. 21); Reconsideration of this Court's Case Management and Scheduling
Order of January 15, 2016 (ECF No. 34); and FLSA Section 216(b) motion for a nationwide
conditional collective action (ECF No. 44), and Plaintiff Tanski's anticipated Fed. R. Civ. P.
Rule 23 motion on his New York law claims, Defendant may need to expand its responses to
Plaintiffs' document requests.

Defendant has identified deficiencies in Plaintiff Tanski's response to document requests.
Those deficiencies include: (1) Plaintiff's improper use of boilerplate general objections in each
response in lieu of Fed. R. Civ. P. 34(b)'s requirements that objections be stated with specificity
(*see also Anderson v. Sposato*, No. 11-5663, 2014 U.S. Dist. Lexis 25383, at *7-8 (E.D.N.Y.
Feb. 26, 2014))[2]; (2) Plaintiff's failure to produce documents identified in his Initial Disclosures;
and (3) Plaintiff's unqualified statement in response to multiple document requests, including
requests seeking documents from any collective/class member Tanski purports to represent, that
the requests are premature and/or he does not "currently" possess responsive documents.[3]
Plaintiff Tanski's document production consisted of 20 pages of his own pay statements.

As to Plaintiffs' objections to the completeness of Defendant's document responses, the
parties disagree as to the scope of Plaintiffs' request for Company-wide documents prior to the
disposition of the pending FLSA Section 216(b) motion and anticipated F.R.Civ.P. Rule 23
motion on Plaintiff Tanski's New York law claims.   For example, Plaintiffs seek: (1) all
documents concerning meetings/discussions/correspondence with all maintenance employees
"regarding payroll changes, wages, overtime compensation, and for timekeeping"; (2)
communications with the United States or New York Department of Labor concerning wage
hour issues; (3) documents relating to the settlement of any and all wage claims under the FLSA
or the New York Labor Law; and (4) any and all formal and informal complaints about wages
and overtime.[4]   In light of the pending motions, the broad discovery Plaintiffs seek at this stage is
not proportionate.   *Boice v. M+W U.S, Inc.*, 130 F. Supp. 3d 677, 697-98 (N.D.N.Y 2015)
(denying FLSA-plaintiff's overbroad discovery about potential class, including requests for,
among other things, personnel records, compensation and benefits information,  work schedules,
bank records, and methods and compensation rates and overtime).

---

[2]To the extent Plaintiff Tanski's responses do not identify his specific objections, it cannot be determined
whether Tanski has withheld information sought in any of the discovery requests.

[3]During counsel's May 23, 2016 meet/confer, Tanski's counsel advised that Plaintiff would clarify his
Initial Disclosures and responses to Defendant's document request to address/identify the deficiencies
noted immediately above in items 2 and 3.

[4] In addition, Plaintiffs complain that several of their requests (Request for Production Nos. 4, 6, 7, as
well as Interrogatory Nos. 2, 7, 9-11) sought information pertaining to "all maintenance and service
employees," and that Defendant improperly limited its response to employees with the job title of
Maintenance Supervisor, Technician I, Technician II, and Technician III.

The Honorable A. Kathleen Tomlinson
May 26, 2016
Page 3

**(2) Status of Interrogatory Responses:** Defendant has certified its responses to interrogatories.

Defendant identified a number of deficiencies in Plaintiff Tanski's responses, including *inter alia*, again using general objections rather than specific objections, and, in some instances, referring to Defendant's unspecified business records rather than providing a response.  Also, although Plaintiff Tanski identified a number of maintenance employees in his Rule 26 Initial Disclosures and in his April 27, 2016 Declaration (ECF No. 46-1), in his answers to interrogatories that requested the identification of any maintenance employees (including those he supervised) whose time was characterized as non-productive, or with whom he discussed the non-productive hours designation, or who complained to management about being shorted overtime because of non-productive hours, Tanski did not identify a single maintenance employee by name except for Opt-In Santander.  Similarly, Plaintiff Tanski states (in response to Interrogatory No. 13) that he regularly discussed his concerns about non-productive hours with co-workers, and that he believes his co-workers regularly complained about the non-productive hours designation.  Nevertheless, Tanski does not name any of those co-workers despite multiple requests for that information, including Interrogatory Nos. 8, 18, and 20.  Nor did Tanski identify the facts on which he based the allegations in his Complaint, at ¶45, that "Defendant actively schemed to prevent their [sic] employees from earning overtime … through … the non-productive hours policy."  In addition, Plaintiff Tanski failed to provide any calculation of his claim for damages.

As to Defendant's responses to Plaintiffs' interrogatories, the parties again disagree as to whether pre-certification discovery for the period October 30, 2009 to date, extends to all maintenance employees employed nationwide on such topics as nationwide discovery of: (1) discussion, meetings, complaints or correspondence on time keeping, overtime, and non-productive hours designation; and (2) for each maintenance employee: (i) all non-productive hours logged; (ii) identity of each employee; (iii) number of regular hours, overtime hours and non-productive hours for each pay period; and (iv) rate of pay for regular, overtime and non-productive hours.

**(3) Outstanding Discovery Disputes:** In addition to the unresolved issues discussed above in items 1 (Status of Document Production) and 2 (Status of Interrogatory Responses), as noted, the parties disagree as to whether merits discovery at this stage extends to all current and former maintenance employees in the 12 states and the District of Columbia at 257 properties operated by Defendant, or is limited to the Coram, New York properties at which Plaintiff Tanski and Opt-In Santander were employed.  Plaintiffs' discovery seeks information, since October 30, 2009, *inter alia*, as to the identities of every maintenance employee, his/her regular hours, non-productive hours, compensation and overtime; and discussions/meetings/correspondence with said employees about wages, compensation, overtime.  Courts in the Second Circuit have denied such pre-certification discovery, where plaintiffs have failed to establish that the requested discovery is relevant and "the only purpose of nationwide discovery would be to allow plaintiffs' counsel to search for other" potential plaintiffs.  *See e.g., Cronas v. Willis Group Holdings, Ltd.*, No. 06-civ-15295 (GEL), 2008 U.S. Dist. Lexis 81083, at *5-6, (S.D.N.Y. Oct. 8, 2008); *see also Zheng v. Good Fortunate Supermarket Group (USA), Inc.,* No. 13-cv-60 (ILG), 2013 U.S. Dist.

The Honorable A. Kathleen Tomlinson
May 26, 2016
Page 4

Lexis 130673, *22-23 (E.D.N.Y. Sept. 12, 2013) (denying application for names, titles, compensation rates, and contact information of potential collective action members where plaintiff provided insufficient facts for her claim that a class of similarly situated FLSA plaintiffs existed); *Jenkins v. TJX Cos.*, Nos. 10-cv-3753 (ADS) (WDW), 2011 U.S. Dist. Lexis 44372, at *4-5 (E.D.N.Y. April 25, 2011) (denying application for pre-certification discovery of the identity of "All New York Assistant Store Managers employed by Defendants" for a certain period of time).

Furthermore, Plaintiffs have proffered no valid basis for seeking nationwide discovery of any and all FLSA collective action, the New York Labor Law Rule 23 wage claims, and any and all formal and informal complaints about wages. At this time, such documents would not assist in establishing any of the elements of the FLSA/New York Labor Law claims of Plaintiff Tanski and the FLSA claim of Opt-In Plaintiff Santander, and are beyond the proper scope of discovery. Fed. R. Civ. P. 26 (b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any *party's* claim or defense and *proportional to the needs of the case* considering … *the importance of the discovery in resolving the issues* ….") (emphasis added).

**(4) Deponents:** Based on discovery provided to date, Defendant advised Plaintiffs' counsel by voice mail message on May 25, 2016, that it intends to depose Plaintiff Timothy Tanski and Opt-In Plaintiff Diego Santander. Defendant stated that it intends to take and complete these depositions between the end of June and July 31, 2016, subject to resolution of discovery issues identified above. Depending on the testimony of Tanski and Santander, additional witnesses may be deposed following the Court's decision on the FLSA Section 216(b) motion and Plaintiff Tanski's anticipated Rule 23 motion relating to his New York law claims. At this time, Defendant is not aware of Plaintiffs' intention with respect to depositions.

**(5) Whether discovery is proceeding on schedule:** This case is proceeding efficiently. Nevertheless, focusing on a discovery end date of September 6, 2016, a number of factors may likely cause the schedule to slip: (1) the disposition of Plaintiffs' pending FLSA Section 216(b) motion before the Court, (2) Defendant's Rule 12(b)(6) motion to dismiss; and (3) Defendant's motion for reconsideration of the Court's discovery schedule relating to discovery on the merits/class suitability; (4) scheduling a time for Plaintiff Tanski to file his F.R.Civ.P. Rule 23 motion for his New York law claims; and (5) completion of ESI Protocol, including mutually agreed upon search terms, custodians and relevant time period, undertaking such search of custodians/databases; and reviewing search results for responsive documents.

Respectfully submitted,

*s/Patrick G. Brady*

Patrick G. Brady

PGB:ph
cc:      Frank R. Schirripa, Esq. [via ECF]