UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIMOTHY TANSKI, on behalf of himself and
others similarly situated,

                                Plaintiffs,                      CV 15-6260 (AKT)

   - against -

AVALONBAY COMMUNITIES, INC.,

                                Defendant.
-----------------------------------------------------------X

**ORDER GRANTING PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL,
AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendant agreed, for settlement purposes only, not to oppose the motion.

**I.    PRELIMINARY APPROVAL OF SETTLEMENT**

       1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Frank R. Schirripa ("Schirripa Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs and Defendant, AvalonBay Communities, Inc. ("AvalonBay" or "Defendant") and hereby

conditionally approves all of its terms, subject to further consideration thereof at the Final Approval Hearing provided for below.

    2.    Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).

    3.    Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. *Hartley v. Wells Fargo & Co.*, Civil Action No. 14-cv-5169, 2016 U.S. Dist. LEXIS 139874, at *7 (E.D.N.Y. Sep. 30, 2016). It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Clark*, 2009 WL 6615729, at *3.

    4.    Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Clark*, 2009 WL 6615729, at *3 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*") § 11.25 (4th ed. 2002)). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 5862749, at *1 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*,

No. 10 Civ. 4030, 2012 WL 1058409, at *1 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark*, 2009 WL 6615729, at *3.

5. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006). The Court further finds that the Settlement Agreement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23. The Settlement will ensure prompt payment to class and collective members and avoid the continued risks and expense of additional litigation. The Settlement is in the best interest of the Settlement Class Representative and the members of the Settlement Classes.

6. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. *Hartley*, 2016 U.S. Dist. LEXIS 139874, at *8. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05

Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

7. The assistance of an experienced mediator, Stephen Sonnenberg of JAMS, reinforces that the Settlement Agreement is non-collusive. A settlement like this one, reached with the help of third-party neutrals, enjoys a "presumption that the settlement achieved meets the requirements of due process." *See Johnson v. Brennan,* 10 Civ. 4712 CM, 2011 WL 4357376, at *8 (S.D.N.Y. Sept. 16, 2011) (citations omitted).

8. Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *See Alli v. Boston Market Corp.,* No. 10 Civ. 00004, 2011 WL 6156938, at *3 (D. Conn., Dec. 9, 2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

## II. CONDITIONAL CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS

9. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.,* No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

10. Therefore, the Court certifies the following class under Fed. R. Civ. P. 23(e) for settlement purposes ("Settlement Class"):

> All individuals who were employed as a non-exempt Maintenance Employee (defined as a: Maintenance Supervisor; Maintenance Technician I; Maintenance Technician II; Maintenance Technician III; Groundskeeper; Housekeeper; Maintenance Assistant; Porter; Pool Maintenance Technician; RS Maintenance Associate; or Community Coordinator) at any of AvalonBay's New York State properties between October 30, 2009 and the date the Court grants the Motion for Preliminary Approval of the Settlement.

Additionally, for the reasons previously set forth in this Court's March 31, 2017 Memorandum and Order, the Court conditionally certified a collective action under 29 U.S.C. § 216(b) and Notice was sent out. As a result of the opt-in process, the FLSA Collective is now defined as:

> The Settlement Class Representative (i.e., Timothy Tanski) and all individuals who, as of the date of the Settlement Agreement, have filed valid and timely consents to join this Action, who worked as a non-exempt Maintenance Employee at any of AvalonBay's New York State properties since April 27, 2013, and who have not been previously dismissed from this action.

11. Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 340 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because they and the class members share common issues of fact and law, including whether Defendants failed to pay them overtime wages in violation of New York State wage and hour laws during workweeks in which the employees' hours worked, plus time classified as "Non-Productive Hours," exceeded

forty (40) hours. *See Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 615-16 (S.D.N.Y. 2012) (commonality satisfied where, among other allegations, plaintiffs claimed that defendant had policy of not paying all class members overtime pay); *Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and…whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Class Members' claims (i.e., the exclusion of Non-Productive Hours when calculating overtime pay). *Westerfield v. Wash. Mut. Bank*, No. 06-CV-2817 (CBA)(JMA), 2009 U.S. Dist. LEXIS 54553, at *7 (E.D.N.Y. June 24, 2009) (typicality satisfied where Plaintiffs' claims for overtime pay arose from same factual and legal circumstances that form the bases of class members' claims); *Morris*, 859 F. Supp. 2d at 616 (same).

15. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiffs' and Class Members' interests are at odds. *See Hartley*, 2016 U.S. Dist. LEXIS 139874, at *10 (no evidence that named plaintiffs' and class members' interests were at odds).

6

16. In addition, Plaintiffs' Counsel, Hach Rose Schirripa & Cheverie, LLP ("HRS&C") also meets Rule 23(a)(4)'s adequacy requirement. HRS&C is well qualified to represent the class.

17. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Hartley*, 2016 U.S. Dist. LEXIS 139874, at *11 (common factual allegations and legal theory predominated over variations in wage and hour misclassification case); *Torres v. Gristede's Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiff "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages"). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

### III.  APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

18. The Court appoints Hach Rose Schirripa & Cheverie, LLP ("HRS&C") as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

7

19. Plaintiffs' Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

20. HRS&C's attorneys are experienced class action litigators and are "well-versed in wage and hour and class action law." *Johnson v. Brennan,* No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (internal quotation marks omitted).

21. The work that HRS&C has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests. *See Hartley,* 2016 U.S. Dist. LEXIS 139874, at *12.

### IV. NOTICE

22. The Court approves the Proposed Notice of Class Action Settlement ("Proposed Notice"), filed on May 4, 2018, and directs its distribution to the Class.

23. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).
> Fed. R. Civ. P. 23(c)(2)(B).

Fed. R. Civ. P. 23(c)(2)(B).

24. The Proposed Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,* 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the

8

settlement generally"); *Johnson*, 2011 WL 1872405, at *3. The Proposed Notice is also appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

## V. CLASS ACTION SETTLEMENT PROCEDURE

25. The Court hereby adopts the following settlement procedure:

   a. Within 21 days of the date of entry of this Order, AvalonBay shall provide to the Claims Administrator information for each Class Member necessary to effectuate Notice. Within 14 days of receiving such information, the Claims Administrator shall mail the Notices to Class Members;

   b. Class Members will have 30 days from the date the Notice is mailed to file any objection(s) to the settlement, and 60 days from the date the Notice is mailed to opt out of the settlement;

   c. Plaintiffs will file a Motion for Final Approval of the Settlement no later than 15 days before the fairness hearing;

   d. The Court will hold a final fairness hearing on August 8, 2019 at 11 a.m. at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York in Courtroom 910;

   e. Plaintiffs shall file their Motion for Final Approval of the Settlement by July 24, 2019;

   f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be three days after the deadline for taking an appeal has passed;

   g. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be three days after all appeals are resolved in favor of final approval;

   h. The Claims Administrator will disperse settlement checks to the Class Members, Class Counsel, the Service Awards, and the Claims Administrator's fee within 20 days of the Effective Date; and

9

      i.      The parties shall abide by all terms of the Settlement Agreement.

It is SO ORDERED this 29th day of March, 2019

                                      /s/ A. Kathleen Tomlinson
                                  Honorable A. Kathleen Tomlinson
                                  United States Magistrate Judge