**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
TIMOTHY TANSKI, on behalf of himself and
all others similarly situated,

                     Plaintiff,

        -against-                                   **ORDER**

                                       CV 15-6260 (AKT)

AVALONBAY COMMUNITIES, INC.

                     Defendant.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

At the Fairness Hearing held in this case, the Court found that the settlement as set forth

in the Settlement Agreement was in all respects fair, reasonable, adequate and in the best

interests of the Plaintiffs.   *See* Transcript of the August 26, 2019 Fairness Hearing ("Hrg. Tr.")

[DE 100] at 23.   The Order granting Final Approval of the Settlement is being entered separately.

Likewise, the findings of the Court at the Fairness Hearing are incorporated here by reference.

One aspect of the settlement, however, was left open, namely, the lodestar cross-check of the

attorneys' fees requested.

I.      **THE LODESTAR CROSS-CHECK**

During the Fairness Hearing, Plaintiffs' counsel asserted that no class member had

objected to the requested attorneys' fees, nor to the service award to Plaintiff Tanski. Hrg. Tr. at

15; *see also* Declaration of Frank R. Schirripa, Esq. in Support of Plaintiffs' Motion For

Approval of Attorneys' Fees and Costs and for Approval of A Service Award ("Schirripa Decl.")

[DE 98] ¶ 3.   The Court also noted during the hearing that no objectors had appeared at that

time.  Hrg. Tr. at 15.  Class Counsel seeks $99,833.33 in attorneys' fees for the work done in this

case.   Pointing out the existing case law in the Eastern District of New York, the Court

observed that it could utilize two methods in assessing the reasonableness of the requested fee,

namely, the lodestar method or the percentage method.   Specifically, the Court stated as follows:

> Now, with respect to the Court's obligations here and the attorney's fee application, courts in this district may utilize two methods in assessing the reasonableness of a requested fee: the lodestar method or the percentage method.  And I'm referring now to *In Re: Colgate Palmolive Company* ERISA litigation, 36 F. Supp. 3d. 344, 347, (S.D.N.Y., 2014), which cites the *Goldberger* case, which is often cited in these requests for fees. The -- I'll direct your attention to *Goldberger* 209 F.3d at 50. "Under the lodestar method, the court scrutinizes the fee petition to ascertain the number of hours reasonably billed to the class and then multiplies that figure by an appropriate hourly rate." That's from *Dupler v. Costco*, another well-known case in this area, 705 F. Supp. 2d 231 at 242 (E.D.N.Y. 2010).

> "Courts in their discretion may increase the lodestar by applying a multiplier based on factors such as the riskiness of the litigation and the quality of the attorneys."  That's from *Walmart Stores, Inc. v. VISA USA, Inc.,* 396 F.3d 96 at 121 (2d. Cir. 2005). Under the percentage method courts set the fee at a percentage of the common fund established under the settlement agreement.  "The trend in the Second Circuit is toward the percentage method, which directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation."  That again is from the *Walmart* case at page 121.

> "In order to arrive at the proper percentage the court considers the effort expended and risks undertaken by plaintiff's counsel and the results of those efforts including the value of the benefits obtained for the  class." That's from *Kindle v. Dahana* [ph.], 2008 Westlaw 1790797 at *5 (E.D.N.Y. April 12, 2018). "Courts often use the lodestar figure as a cross-check to ensure the reasonableness of the percentage-based fee." *In Re: Payment Card Interchange Fee and Merchandise Anti-Trust Litigation*, 991 F. Supp. 2d 437 at 440 (E.D.N.Y.  2014). See again, *Walmart Stores* at page 123.  "The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate.  Because the lodestar is being used merely as a cross-check it's not necessary for the court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable."  It's from *In Re: Citigroup Securities Litigation*, 965 F. Supp. 2d at 369 -- I'm sorry, 369 at 388, 389, Southern District 2013.  "That being said, in order for the lodestar method to serve as an adequate cross-check it must not simply be

'accepted at face value.'" That's from the Citigroup Securities Litigation case at 388.  Here notwithstanding the Court's familiarity with the case the Court  cannot perform the necessary cross-check since counsel did not submit contemporaneous time and billing records. Although counsel submitted a summary of work performed, including biographical information and billing attorneys, billing rates and the number of hours worked, the Court in order to fulfill its duties requires the underlying contemporaneous billing records.  And so I am approving the attorneys' fees here based on the percentage of the fund, which I believe is the proper application, but I cannot enter a final order here because it's subject to my actually being able to review those contemporaneous billing records to cross-check the lodestar.

*Id.* at 17-19.

Both the Second Circuit and the Supreme Court "have held that the 'lodestar—the

product of a reasonable hourly rate and the reasonable number of hours required by the case—

creates a 'presumptively reasonable fee.'" *Millea v. Metro–North R.R. Co.,* 658 F.3d 154, 166

(2d Cir. 2011) (*quoting Arbor Hill v. County of Albany and Albany County Bd. of Elections,* 522

F.3d 182, 183 (2d Cir.2008)). "The reasonable hourly rate is the rate a paying client would be

willing to pay."  *Arbor Hill,* 522 F.3d at 190.  "[W]hether the calculation is referred to as the

lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to

help determine the reasonableness of the hourly rates and the number of hours

expended." *Pinzon v. Paul Lent Mech. Sys.,* No. 11-CV-3384, 2012 WL 4174725, at *5

(E.D.N.Y.2012), *adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012).  These factors

include:

[T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney

expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill,* 522 F.3d at 184.  The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged.  *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983). Ultimately, "[t]he reasonableness of an attorney's requested fees is a matter within the district court's discretion."  *Bond v. Welpak Corp.*, No. 15-CV-2403, 2017 WL 4325819, at *4 (E.D.N.Y. Sept. 26, 2017), *appeal dismissed* (Apr. 9, 2018).

In order for the lodestar method to serve as an adequate cross-check, it must not simply be "accepted at face value."  *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d at 388–89.  For this reason, counsel was requested to submit contemporaneous billing records for the Court's review. Having conducted that review, the Court finds that the fees requested are also reasonable under the lodestar method.  According to the undisputed contemporaneous billing records, the law firm of Hach Rose Schirripa & Cheverie, LLP expended 395.35 hours litigating this action over several years.  Schirripa Decl. ¶ 16; *see* Plaintiffs' Time Reports ("Pls.' Time Reports"), annexed to August 21, 2019 Letter to the Court from John Blyth, Esq. [DE 101].  The hourly rates Class Counsel generally charges are at the high end of the range (and in some cases are above the range) of what courts in the Eastern District of New York typically award in complex cases. Yet, courts have approved, in class actions where the defendants have agreed to pay the specific attorneys' fees, a lodestar based on billable rates of between $405 and $790 for partners and $270 to $500 for associates.  *See Steinberg v. Nationwide Mut. Ins. Co.,* 612 F.Supp.2d 219, 224 (E.D.N.Y. 2009); *Ersler v. Toshiba America, Inc.*, No. CV 07-2304, 2009 WL 454354, at *7 (E.D.N.Y. Feb. 24, 2009); *Ebbert v. Nassau County*, CV 05-5445, 2011 WL 6826121, at *16 (E.D.N.Y. Dec. 22, 2011).

In examining the lodestar, the Court has reviewed the time records and biographies of counsel.  *See* Schirripa Decl. ¶¶ 35-41; Plaintiffs' Memorandum in Support of Motion for Attorneys' Fees and Costs ("Pls.' Mem.") [DE 97] at 11-12; Pls.' Time Reports.  The backgrounds and experience of Plaintiffs' counsel were addressed at the Fairness Hearing and considered by the Court in its initial review of the attorneys' fee request.  Frank Schirripa, the primary Hach Rose partner billing on this matter, has a current billing rate of $500 per hour. Schirripa Decl. ¶ 40.  The Time Report for his work in this case reflects a total of 118.75 hours. *See* Schirripa Time Report, annexed to August 21, 2019 Letter to the Court from John Blyth, Esq. [DE 101].  The lodestar billing amount for Attorney Schirripa is therefore $59,375.00.  *Id.* Senior Associate John Blyth's billing rate is $300 per hour.  His Time Report shows 180 hours expended in this matter, for a lodestar billing amount of $54,000.00.  *See* Blyth Time Report, annexed to August 21, 2019 Letter to the Court from John Blyth, Esq. [DE 101].  A Time Report was also submitted for Timothy J. Staines, Esq., formerly Of Counsel, who is no longer with the firm.  *See* Staines Time Report, annexed to August 21, 2019 Letter to the Court from John Blyth, Esq. [DE 101].  Attorney Staines' billing rate was $400 per hour and contemporaneous time records show that he expended 8.25 hours on this matter for a total lodestar billing of $3,300.00. Lastly, Plaintiffs' counsel submitted a Time Report for Sonia Akter, the paralegal assigned to this matter.  *See* Akter Time Report, annexed to August 21, 2019 Letter to the Court from John Blyth, Esq. [DE 101].   Paralegal Akter's billing sheet reflects 96.6 hours expended in this case at the rate of $150 per hour, for a total of $14,490.00.  The accumulated fees in this case for lodestar purposes total $131,165.00.  However, Plaintiffs' counsel points out that it is the usual practice of Hach Rose Schirripa & Cheverie to seek to recover fees only for those attorneys who worked ten hours or more on a particular matter.  *See* John Blyth, Esq. August 21, 2019 Letter

[DE 101].  Therefore, the firm has not included Attorney Staines' 8.25 hours in the overall total

of 395.35 hour referenced in Plaintiffs' motion for attorneys' fees.  Deducting the $3,300.00

attributable to Attorney Staines results in a lodstar fee amount of $127,865.00.  Plaintiffs'

counsel represents that this sum is "approximately **0.7** times lodestar."  Pls.' Mem. at 15

(emphasis in original).  The Hach Rose lodestar is therefore less than 1% of the total lodestar

figure which the Court has cross-checked.   That figure is well below the range of lodestar

multipliers approved in the Second Circuit.  *See e.g., Dupler*, 705 F. Supp. 2d at 245 (approving

a multiplier of 3.3); *Wal-Mart Stores,* 396 F.3d at 123 (affirming 3.5 multiplier); *In re Telik*, 576

F.Supp.2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are

routinely awarded by courts, including this Court."); *Springer v. Code Rebel Corp*., No. 16-CV-

3492, 2018 WL 1773137, at *5 (S.D.N.Y. Apr. 10, 2018) ("When the lodestar method applied,

the lodestar multiplier is approximately 2.02, which is also within the range of multipliers that

have been applied in other cases.").

  The $99,833.33 attorneys' fee award sought by Plaintiffs – representing 33 1/3% of the

settlement amount – is substantially below the lodestar figure here.  The Court further notes that

the settlement was achieved through the auspices of a respected mediator in the metropolitan

area which reinforces the arms-length negotiation component which the Court has considered.  In

addition, the Defendant has not opposed the motion for attorneys' fees.  The Court also takes into

account the fact that Plaintiffs' counsel will expend additional time administering this settlement.

Based upon the Court's review of the billing records, the Court is satisfied that the work done

here was necessary and proper.  For all of these reasons, Plaintiffs' motion for the negotiated

attorneys' fees in the amount of $99,833.33 is reasonable.  The motion for approval of attorneys'

fees in the sum of $99,833.33 is therefore GRANTED.

II.     APPLICATION FOR REIMBURSEMENT OF EXPENSES

During the latter portion of the Fairness Hearing, the Court noted that the sum of

$4632.18 covering the costs incurred by the Plaintiffs in this litigation appeared reasonable in

light of the overall posture of the case at the time of settlement.  Hrg. Tr. 23.  However, the Court

noted that no underlying documentation reflecting those expenses had been provided as part of

the application for attorneys' fees and costs.   The Court requested that counsel provide any bills,

invoices, etc. which verified payments made for the various expenses claimed by the Plaintiffs

and to submit the documentation within two weeks.  *Id.*   Counsel did so and the Court has had

the opportunity to review them.  *See* Plaintiffs' Cost Report and Records ("Pls.' Cost Report")

[DE 99-1], attached as Exhibit A to the August 22, 2019 Letter of John Blyth, Esq. [DE 99].

Both the FLSA and the NYLL provide for the recovery of reasonable costs. *See* 29

U.S.C. § 216(b); NYLL § 663(1) ; *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-

CV-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL]

similarly allow prevailing Plaintiff to recover costs from defendants"). Recoverable costs

generally include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily

charged to their clients. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). The

party seeking to recover costs "bears the burden of adequately documenting and itemizing the

costs requested." *Ganci v. U.S. Limousine Serv. Ltd.,* No. 10-CV-3027, 2015 WL 1529772, at *8

(E.D.N.Y. Apr. 2, 2015) (citation omitted). In the absence of adequate substantiation, a party is

not entitled to recover costs. *See Douyon,* 49 F. Supp. 3d at 352 ("[W]ith this record, the Court

has no way of confirming that these costs … were incurred by counsel."); *Joe Hand Promotions,*

*Inc. v. Elmore*, No. 11-CV-3761, 2013 WL 2352855 , at *12 (E.D.N.Y. May 12, 2013)

(declining to award costs due to an absence of documentation).

Of the $4632.18 in out-of-pocket expenses which the Plaintiffs seek to recover, $400 covers the litigation filing fee and $59 was expended for the process server's fee.  *See* Pls.' Cost Report; Pls.' Mem. at 16.   The balance of these expenses consists of fees to circulate notice of the collective action; travel expenses; mediation expenses; and settlement administration fees.  *Id.*   Plaintiffs assert that these expenses were incidental and necessary to the representation of the Plaintiffs and the Class.   Defendant is not objecting to the reimbursement of these expenses.  Since these costs for which Plaintiffs seeks recovery are documented and otherwise reasonable, the Court grants an award of costs in the amount of $4632.18.

**SO ORDERED.**

Dated: Central Islip, New York
       May 26, 2020

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

8