IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY TANSKI, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AVALONBAY COMMUNITIES, INC.,<br><br>Defendant. | Civil No. 15-cv-06260 (AKT) |

ORDER GRANTING FINAL APPROVAL OF SETTLEMENT, AWARDING
ATTORNEYS' FEES AND COSTS,
AND APPROVING SERVICE AWARD

WHEREAS, the Plaintiffs have made an application, pursuant to Rule 23(e) Fed. R. Civ. P. and 29 U.S.C. § 216(b), for an Order approving settlement in the above-entitled action (the "Lawsuit") of the claims alleged, in accordance with the Parties' Settlement Agreement and Release ("Agreement") which sets forth the terms and conditions for the settlement of the Lawsuit, including the allocation and distribution of attorneys' fees, costs and service awards, and for dismissal of the Lawsuit against Defendant with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement, the memorandum of law in support of Plaintiffs' Motion for Final Approval, the memorandum of law in support of Plaintiffs' Motion for Attorneys' Fees and Costs and a Service Award, and the supporting Declarations of Frank R. Schirripa, and exhibits attached thereto;

WHEREAS, on March 29, 2019, this Court issued an Order preliminarily approving the proposed settlement agreement and providing for court approved notice of the settlement to the Rule 23 Class Members and FLSA Collective Members. Based on its preliminary review, this

Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff, Opt-in Plaintiffs, and the Class.

WHEREAS, pursuant to Rule 23(e) of Fed. R. Civ. P. this Court scheduled a Fairness Hearing on August 8, 2019 to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard.

WHEREAS, Class Counsel advised that no written objections to the settlement had been received and only one class member out of 417 had opted out of the settlement. Further, no one appeared at the Fairness Hearing on August 8, 2019 to voice an objection or otherwise be heard to contest the settlement.

WHEREAS, the Court is satisfied that the proposed settlement meets both procedural and substantive fairness.

WHEREAS, the Court is satisfied that the attorneys' fee request is reasonable and warranted by the circumstances of this case;

WHEREAS, the Court finds that the litigation costs are reasonable and incidental and necessary to the litigation;

WHEREAS, the Court finds that the requested service award is reasonable and appropriate in light of the Class Representative's significant contributions to the Lawsuit;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of the Lawsuit, and over all parties to the Lawsuit, including all Rule 23 Class Members and Participating Claimants.

2. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final certification, for settlement purposes only, of a Rule 23 Class consisting of all individuals who were employed in maintenance-related positions at any of AvalonBay's New York State properties (*i.e.,* Maintenance Supervisor; Maintenance Technician I; Maintenance

Technician II; Maintenance Technician III; Groundskeeper; Housekeeper; Maintenance Assistant; Porter; Pool Maintenance Technician; RS Maintenance Associate; and Community Coordinator (collectively, "Maintenance Employees") from October 30, 2009 through the date this Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement on March 29, 2019, as they meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4. The settlement as set forth in the Settlement Agreement is approved and is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff, Participating Claimants, and the Rule 23 Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

5. All terms and provisions of the Agreement shall be implemented.

6. Class Counsel shall be awarded attorneys' fees in the amount of $99,833.33.

7. Class Counsel shall be awarded costs in the amount of $4,632.18.

8. For services rendered on behalf of the Lawsuit and Class Members, Named Plaintiff Timothy Tanski shall be awarded $5,000.00. This service awards is in addition to any settlement amount Plaintiff Tanski is eligible to receive pursuant to the Agreement as members of the Rule 23 Class and FLSA Collective.

9. Rule 23 Class Members who have not properly and timely exercised their opt-out rights in the Lawsuit are conclusively deemed to have released or discharged Defendant from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

10. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

**SO ORDERED THIS  27th   DAY OF  5/May  2020.**

/s/ AK Tomlinson
_____
The Honorable A. Kathleen Tomlinson
United States Magistrate Judge

The Clerk's Office is directed to close this case.

3